IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| V. | ) 07CR20002-MPM-DGB |
| | ) |
| GERARDO LUGO | ) |
| Defendant | ) |

## MOTION TO DISMISS INDICTMENT

**NOW COMES**, the Defendant, **GERARDO LUGO**, by and through his attorney, **GAL PISSETZKY**, and respectfully submits this Memorandum in support of his Motion to Dismiss Count 1 of the Indictment, Conspiracy to Distribute 5 or More Kilograms of Cocaine.  In support of his motion, Mr. Lugo states as follows:

## STATEMENT OF FACTS

On January 4, 2007, Jose C. Rios, and Gerardo Lugo were indicted for conspiracy to distribute 5 or more kilograms of Cocaine.  The indictment reads as follows:

### COUNT 1
**(Conspiracy to Distribute 5 or More Kilograms of Cocaine)**
   1. From at least about 2003 or before and continuing until about August 2006, in the Central District of Illinois, the defendants,

**Jose C. Rios and Gerardo Lugo,**

knowingly and intentionally conspired with each other and others to distribute and to possess with the intent to distribute a controlled substance, namely, 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance.

   2. As part of the conspiracy, the defendants regularly distributed cocaine and caused others to distribute cocaine, often on a front or consignment basis, in Kankakee, Illinois are.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (841(b)(1)A).

## COUNT 2
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about February 18, 2004, in the Central District of Illinois, the defendant,

**Jose C. Rios,**

knowingly possessed a firearm in furtherance of a drug trafficking crime, namely, conspiracy to distribute cocaine.

All in violation of Title 18, United States Code, Section 924(c).

## COUNT 3
### (Distribution of Cocaine)

On or about June 9, 2005, in the Central District of Illinois, the defendant,

**GERARDO LUGO,**

Knowingly and intentionally distributed a controlled substance, namely, a mixture or substance containing cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(c).

## COUNT 4
### (Distribution of Cocaine)

On or about January 25, 2006, in the Central District of Illinois, the defendant,

**GERARDO LUGO,**

Knowing and intentionally distributed a controlled substance, namely, a mixture or substance containing cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c).

## ARGUMENT

I.  COUNT 1 OF THE INDICTMENT SHOULD BE DISMISSED FOR VAUGENESS BECAUSE IT DOES NOT SUFFICIENTLY INFORM MR. LUGO OF THE CHARGES AGAINST HIM TO ENABLE HIM TO PREPARE AN ADEQUATE DEFENSE

To be valid, an indictment must provide certain "substantial safeguards" to defendants that indictments are designed to guarantee. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). To fulfill this requirement, an indictment must (1) state all the elements of the crime charged, (2) provide the defendant with

enough information to prepare a defense, (3) enable the defendant to plead jeopardy against a later prosecution, and (4) to inform the court so that it can determine the sufficiency of the charge. Id., at 763; U.S. v. Sandoval, 347 F. 3d 627, at 634(7th Cir. 2003); U.S. v. Hausmann, 345 F. 3d 952, at 955 (7th Cir. 2003). In accomplishing these safeguards, to be valid, an indictment must contain a statement of the facts and surrounding circumstances that will make clear to the defendant of the precise wrongdoing he is accused of. Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed. 590 (1974).

Generally speaking, a court can consider an indictment sufficient if it contains the essential elements of the offense charged. United States v. Horton, 676 F. 2d 1165, at 1169 (7th Cir. 1982). However, a cursory tracking of statutory language will be considered insufficient where an accused needs supplementary information to gain a clearer understanding of the charges against him. Id. Courts have held that indictments will be found insufficiently vague where the indictment merely tracks the language of the pertinent statute, setting out the elements of the offense the defendant is charged with, while failing to place the alleged conspiracy within any particular time frame or providing specific facts of overt acts to allow the accused enough information to prepare an adequate defense. U.S. v. Cecil, 608 F.2d 1294, at 1297 (9th Cir. 1979); U.S. v. Horton, at 1169; U.S. v. Laykin, 886 F.2d 1534, at 1542 (9th Cir. 1989).

In Cecil, the Court held that an indictment was insufficiently vague when it failed to place the conspiracy within any time frame, holding that the language "beginning on or before July 1975, and continuing thereafter until on or after October, 1975," is too open-ended. 608 F.2d 1294, at 1297. The vague time frame in the indictment failed to allege sufficient facts to facilitate the proper preparation of a defense and to ensure that the defendants were prosecuted on the same facts presented to the Grand Jury. Id. Even though the indictment did reference and track the statutory language the accused allegedly violated, the Court held that the indictment lacked a statement of the facts that would appraise the accused of the specific offense they were charged with. Id.

In Horton, the Court did uphold the indictment despite the Defendant's allegation that the indictment was insufficiently vague. 676 F. 2d 1165, at 1168. However, the Court distinguished the Cecil matter. In Horton, the court noted that the indictment

specifically identified the victims by name and precisely located and described the specific acts the defendant was charged with. The Horton Court further compared the case before it to the Cecil, holding that "the Indictment in Cecil, unlike the indictment against Cornbread, failed to identify any overt acts, and specifically alleged only the state in which the offense was committed and the names of some of the co-conspirators." U.S. v. Horton, 676 F. 2d 1165, at 1169. By distinguishing the two cases, the Horton Court illustrated the importance of an indictment being specific enough to allow the defendant to adequately understand and prepare a defense for the offense they are charged with.

In this case, the indictment is too vague and is not specific enough to provide Mr. Lugo with the "substantial safeguards" that an indictment is intended to guarantee. More specifically, the time frame in the indictment is too broad to allow Mr. Lugo to prepare an adequate defense. Count 1 of the indictment reads, "from at least about 2003 or before and continuing until about August 2006, in the Central District of Illinois, the defendants. . .". (Exhibit 1). Like Cecil, the remainder of Count 1 of the indictment gives only cursory facts of the alleged conspiracy, failing to identify any overt acts, and specifically alleges only the general area of state in which the offense was committed and the name of one co-conspirator. The language in the indictment does not set a beginning date, and informs Mr. Lugo of absolutely nothing—just that the conspiracy may have started at some point in the past.

The way the indictment reads the alleged conspiracy could have began at the beginning of time. The open-ended and imprecise time-frame of the indictment renders it deficient. It fails to allege sufficient time frame and facts. Mr. Lugo cannot properly prepare a defense and to ensure that he is prosecuted on the facts presented to the Grand Jury.

Additionally, although Counts 3 and 4 of the indictment are more specific by naming an actual act, specific dates, and the elements of the offense charged, these two Counts are not part of the alleged conspiracy discussed in Count 1. Moreover, Counts 3 and 4 do not offer Mr. Lugo any additional information to help prepare an adequate defense for Count 1. In fact, only Mr. Lugo is mention in Counts 3 and 4. His alleged co-conspirator, Jose Rios, was not indicted on Counts 3 and 4. Thus, it would be safe to assume that Mr. Rios and Mr. Lugo were not co-conspirators in the acts alleged under

Courts 3 & 4.  The Indictment is completely silent regarding any dates and facts for which the government alleges the conspiracy against Mr. Lugo.  The insufficiency of the indictment will allow a prosecutor or a court to merely guess what the grand jury may have considered at the time the indictment was returned, which would allow Mr. Lugo to be convicted on the basis of facts not found by and not presented to the grand jury.

The Court should dismiss Count 1 of the indictment because it fails to sufficiently inform Mr. Lugo with enough facts to prepare an adequate defense.  The vague time frame is too broad and implicates Mr. Lugo in a conspiracy with an indefinite and expansive time frame.  The current indictment could allow Mr. Lugo to be convicted on facts that were not even reviewed by the Grand Jury.

## **CONCLUSION**

   WHEREFORE, the Petitioner respectfully requests this Honorable Court to dismiss Count 1 of the Indictment in this matter as being too vague and broad to inform Mr. Lugo with enough facts to prepare an adequate defense.

Respectfully submitted,

/s/ Gal Pissetzky_____
Gal Pissetzky
One of the attorneys for Mr. Lugo
53 W. Jackson Blvd., Suite 1403
Chicago, IL 60604
(312) 566-9900

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 07CR20002-MPM-DGB |
| | ) | |
| GERARDO LUGO | ) | |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

## MOTION TO DISMISS INDICTMENT

was served pursuant to the district court's ECF filers to the following:

Timothy Bass
Assistant United States Attorney
201 S. Vine
Urbana, IL 601801

Respectfully submitted,

/s/ Gal Pissetzky_____
Gal Pissetzky
One of Mr. Lugo's lawyers
53 W. Jackson Blvd., Suite 1403
Chicago, IL 60604
(312)566-9900



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 07-_____ |
| | ) | Violations: Title 21, United |
| v. | ) | States Code, Sections 846, |
| | ) | 841(a)(1), 841(b)(1)(A), and |
| JOSE C. RIOS, and | ) | 841(b)(1)(C) |
| GERARDO LUGO, | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT 1
(Conspiracy to Distribute 5 or More Kilograms of Cocaine)

1. From at least about 2003 or before and continuing until about August 2006, in the Central District of Illinois, the defendants,

**JOSE C. RIOS and GERARDO LUGO,**

knowingly and intentionally conspired with each other and others to distribute and to possess with the intent to distribute a controlled substance, namely, 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance.

2. As part of the conspiracy, the defendants regularly distributed cocaine and caused others to distribute cocaine, often on a front or consignment basis, in the Kankakee, Illinois area.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

## COUNT 2
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about February 18, 2004, in the Central District of Illinois, the defendant,

### JOSE C. RIOS,

knowingly possessed a firearm in furtherance of a drug trafficking crime, namely, conspiracy to distribute cocaine.

All in violation of Title 18, United States Code, Section 924(c).

## COUNT 3
### (Distribution of Cocaine)

On or about June 9, 2005, in the Central District of Illinois, the defendant,

### GERARDO LUGO,

knowingly and intentionally distributed a controlled substance, namely, a mixture or substance containing cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4
### (Distribution of Cocaine)

On or about January 25, 2006, in the Central District of Illinois, the defendant,

**GERARDO LUGO,**

knowingly and intentionally distributed a controlled substance, namely, a mixture or substance containing cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

A TRUE BILL,

_____
FOREPERSON

_____
RODGER A. HEATON
UNITED STATES ATTORNEY
TB