IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| V. | ) 07CR20002-MPM-DGB |
| | ) |
| GERARDO LUGO | ) |
| Defendant | ) |

**MOTION FOR A BILL OF PARTICULARS**

**NOW COMES**, the Defendant, **GERARDO LUGO**, by and through his attorney, **GAL PISSETZKY**, and respectfully requests that this Honorable Court, pursuant to Federal Rule of Criminal Procedure 7(f), grant his motion for a Bill of Particulars. In support of his motion, Mr. Lugo states as follows:

1. On January 4, 2007, Jose C. Rios, and Gerardo Lugo were indicted for conspiracy to distribute 5 or more kilograms of Cocaine.

2. Count 1 of the indictment reads as follows, "From at least about 2003 or before and continuing until about August 2006, in the Central District of Illinois, the defendants, **Jose C. Rios and Gerardo Lugo,** knowingly and intentionally conspired with each other and others to distribute and to possess with the intent to distribute a controlled substance, namely, 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance. As part of the conspiracy, the defendants regularly distributed cocaine and caused others to distribute cocaine, often on a front or consignment basis, in Kankakee, Illinois are. All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (841(b)(1)A).

3. Count 2 of the indictment reads as follows, "On or about February 18, 2004, in the Central District of Illinois, the defendant, **Jose C. Rios,** knowingly possessed a firearm in furtherance of a drug trafficking crime, namely, conspiracy to distribute cocaine. All in violation of Title 18, United States Code, Section 924(c).

4. Count 3 of the indictment reads as follows, "On or about June9, 2005, in the Central District of Illinois, the defendant, **GERARDO LUGO,** Knowingly and intentionally distributed a controlled substance, namely, a mixture or substance containing cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(c).

5. Count 4 of the indictment reads as follows, "On or about January 25, 2006, in the Central District of Illinois, the defendant, **GERARDO LUGO,**Knowing and intentionally distributed a controlled substance, namely, a mixture or substance containing cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c)."

6. Under Federal Rule of Criminal Procedure 7(f), "The court may direct the government to file a bill of particulars."

7. The Purpose of a bill of particulars is to give the defendant more particular information. U.S. v. Ansani; 240 F.2d 216 (7th Cir. 1957); U.S. v. Falcon, 2003 WL 22442995 (7th Cir. 2003). A bill of particulars provides a defendant with information about the details of the charges against him that are necessary to the preparation of a defense and avoid prejudicial surprise at trial.

8. The Motion for the Bill of Particulars is not an attack upon the sufficiency of the indictment. A valid indictment is not a defense to a motion for a Bill of Particulars. Moreover, an invalid indictment cannot be saved by a bill or particulars. U.S. ex rel. Ballard v. Bengston, 702 F.2d 656 (7th Cir. 1982).

9. A bill of particulars informs the accused of the nature of the charge against him with enough specificity to allow him to prepare for trial, and to avoid the danger of surprise at trial, and to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is insufficiently vague for such purposes. U.S. v. Ansani; 240 F.2d 216 (7th Cir. 1957); U.S. v. Falcon, 2003 WL 22442995 (7th Cir. 2003).

10. To serve the purpose above, Mr. Lugo request that this Court order the United States to disclose the following information regarding Count One of the above quoted indictment:

   a. State all instances, as precisely as possible, in which the government alleges a conspiracy began, including but not limited to the date the alleged conspiracy began.
   b. State, as precisely as possible, all locations of alleged conspiratorial acts.
   c. State, as precisely as possible, all individuals alleged to have participated in the conspiracy.
   d. State, as precisely as possible, all subsequent dates of activity related to the alleged conspiracy and any dates any co-conspirators may have joined the conspiracy.
   e. State, as precisely as possible, all the individuals, known and unknown by the Grand Jury alleged to have participated in the conspiracy.
   f. State, as precisely as possible, any overt acts Mr. Lugo allegedly participated in furtherance of the conspiracy.
11. In the requests for Particulars, Mr. Lugo is not requesting the government to reveal its list of witnesses nor all the evidence upon which its case is based. Mr. Lugo is merely attempting to gather enough information to sufficiently prepare for a defense in this case.
12. A defendant is presumed innocent upon his plea of not guilty and it cannot be assumed by the Court that the defendant knew the particulars sought in a Motion for Bill of Particulars. The defendant can only be considered ignorant of the facts on which the Government founds its charges. United States v. Tucker, 262 F. Supp. 305, 307 (S.D.N.Y. 1960). United States v. Burgio, 279 F. Supp. 843, 846 (S.D.N.Y. 1968).

WHEREFORE, it is respectfully requested that this Court exercise its sound discretion and order the United States to provide the particulars requested herein so as to assure that the Defendant may adequately prepare for trial and avoid prejudicial surprise.

Respectfully submitted,

/s/ Gal Pissetzky
Gal Pissetzky
One of the attorneys for Mr. Lugo
53 W. Jackson Blvd., Suite 1403
Chicago, IL 60604
(312) 566-9900

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 07CR20002-MPM-DGB |
| | ) | |
| GERARDO LUGO | ) | |
| Defendant | ) | |

### CERTIFICATE OF SERVICE

The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

### MOTION FOR A BILL OF PARTICULARS

was served pursuant to the district court's ECF filers to the following:

Timothy Bass
Assistant United States Attorney
201 S. Vine
Urbana, IL 601801

Respectfully submitted,

/s/ Gal Pissetzky_____
Gal Pissetzky
One of Mr. Lugo's lawyers
53 W. Jackson Blvd., Suite 1403
Chicago, IL 60604
(312)566-9900