UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CR-20002 |
| ) | |
| GERARDO LUGO, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On January 4, 2007, Defendant Gerardo Lugo was charged by indictment (#1) with the following offenses: (1) Conspiracy to Distribute 5 or More Kilograms of Cocaine (Count I); (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count II); and (3) Distribution of Cocaine (Counts III and IV). On February 2, 2007, Defendant filed a Motion to Dismiss Indictment (#3) and a Motion for a Bill of Particulars (#4). On February 26, 2007, the Government filed its Amended Consolidated Response to Defendant's Motions (#6). This court has carefully reviewed the arguments of the parties and the applicable case law. For the reasons that follow, Defendant's Motions are DENIED.

I. MOTION TO DISMISS INDICTMENT

In his Motion, Defendant argues that Count 1 of the indictment must be dismissed because it states that the alleged conspiratorial cocaine transactions took place in the open-ended and imprecise time period of "about 2003 or before and continuing until about August 2006." Defendant argues that because of this insufficiency he has no way of preparing to defend against the charge. In its Response, the Government set out a summary of the evidence it intends to introduce at trial. The Government

argues that the indictment alleges a conspiracy, alleges a time frame during which the conspiracy was operative and alleges the statute violated.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the crime charged[.]" Fed R. Crim. P. 7(c)(1). The standard for the sufficiency of an indictment is settled law in the Seventh Circuit. "For an indictment to be legally sufficient, it must accomplish three functions: it must state each of the elements of the crime charged; it must provide adequate notice of the nature of the charges so that the accused may prepare a defense; and it must allow the defendant to raise the judgment as a bar to future prosecutions for the same offense." United States v. Fassnacht, 332 F.3d 440, 444-45 (7th Cir. 2003). "[T]he sufficiency of an indictment is to be reviewed practically, with a view to the indictment in its entirety, rather than in any 'hypertechnical manner.'" Fassnacht, 332 F.3d at 445, quoting United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000). The "defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." Fassnacht, 332 F.3d at 446, quoting United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981). Therefore, an "indictment that uses the language of the statute when setting forth the offense is usually sufficient 'as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense.'" United States v. Locklear, 97 F.3d 196, 199 (7th Cir. 1996), quoting United States v. Allender, 62 F.3d 909, 914 (7th Cir. 1995).

The Seventh Circuit has held that, where a conspiracy is the charged offense, "a conspiracy indictment need not be as detailed and specific as an indictment alleging a substantive offense." United States v. Roman, 728 F.2d 846, 852 (7th Cir. 1984). "The essential elements of a conspiracy under [21 U.S.C. §] 846 are the existence of an agreement between two or more individuals, with the

intent to commit an offense in violation of the Controlled Substances Act." United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir. 1982). The Seventh Circuit has therefore held that an indictment under 21 U.S.C. § 846 is sufficient "if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific overt act in furtherance of the conspiracy." Sweeney, 688 F.2d at 1140; see also United States v. Spears, 965 F.2d 262, 279 (7th Cir. 1992); Roman, 728 F.2d at 852-53.

Defendant argues that the indictment is insufficient because of the open-ended time frame alleged, relying primarily on United States v. Cecil, 608 F.2d 1294 (9th Cir. 1979). However, in Roman, the Seventh Circuit distinguished Cecil and rejected the defendant's argument that the indictment in that case was insufficient because it alleged that the conspiracy existed "from January 1, 1971 to May 26, 1982." See Roman, 728 F.2d at 848. In Roman, the defendant relied on Cecil and contended that the indictment was insufficient because of the expanse of time covered. Roman, 728 F.2d at 851. The Seventh Circuit stated that the most important factor in the decision of the court in Cecil to find the indictment insufficient was that "the alleged conspiracies were not placed 'within any time frame.'" Roman, 728 F.2d at 851, quoting Cecil, 608 F.2d at 1297. The court then stated:

> Obviously this is not true in the case at bar. Although the time frame of the present indictment covers eleven years and five months, there is no indication in the record that this period of time was arbitrarily chosen by the prosecution in order to ensure that the conspiracy fell somewhere within that period.

Roman, 728 F.2d at 851.

This court agrees with the Government that, unlike the situation in Cecil, the indictment in this

case is not "open-ended in both directions." See Cecil, 608 F.2d at 1297. This court further agrees with the Government that the time period of the indictment in this case specifically corresponds with the time period during which Defendant is alleged to have committed the substantive offenses charged in Counts II, III, and IV. Therefore, "there is no indication in the record that this period of time was arbitrarily chosen by the prosecution in order to ensure that the conspiracy fell somewhere within that time period," and, based upon Roman, this court concludes that the indictment is not insufficient.

Therefore, this court concludes that Defendant's Motion to Dismiss Indictment (#3) must be DENIED.

## II. BILL OF PARTICULARS

In his Motion for a Bill of Particulars (#4), Defendant asks this court to order the Government to disclose certain information regarding Count I of the indictment. Federal Rule of Criminal Procedure 7(f) provides that the court may direct the Government to file a "bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars is "a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). "The choice to grant or deny such a motion is committed to the discretion of the trial court, and a decision denying a bill of particulars will be reversed only if it can be shown that the trial court abused its discretion in doing so." Fassnacht, 332 F.3d at 446. To determine the necessity of a bill of particulars, a court looks at whether the Government's indictment "sufficiently apprises the defendant of the charges to enable to prepare for trial." Canino, 949 F.2d at 949; see also Fassnacht, 332 F.3d at 446-47. In the context of the necessity of a bill of particulars, the Seventh Circuit has stated that a defendant is "only entitled to know the offense with which he is charged, not all the details of how it will be proved." United States v. Richardson, 130 F.3d 765, 776 (7th Cir. 1997), vacated on

other grounds, 526 U.S. 813 (1999). Further, "[i]t is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses." See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974). In addition, a bill of particulars is not required when the information a defendant needs to prepare his defense is available through "some other satisfactory form," such as discovery. United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003), quoting Canino, 949 F.2d at 949.

This court concludes that the indictment filed in this case is clearly adequate to apprise Defendant of the charges against him so that he can prepare for trial. Furthermore, the Government has provided a detailed summary of the evidence it intends to present at trial in its Consolidated Response to Defendant's Motions. Moreover, the Government has stated that it has provided discovery to Defendant and will continue to comply with its obligation to provide discovery. Accordingly, this court agrees with the Government that Defendant's Motion for a Bill of Particulars (#4) must be DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss Indictment (#3) is DENIED.

(2) Defendant's Motion for a Bill of Particulars (#4) is DENIED.

(3) This case remains set for a status conference by personal appearance on March 8, 2007, at 1:30 p.m.

ENTERED this 27th day of February, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE