E-FILED
Tuesday, 01 May, 2007  02:52:29 PM
Clerk, U.S. District Court, ILCD

MEMBERS OF THE JURY, YOU HAVE SEEN AND HEARD ALL THE EVIDENCE. NOW I WILL INSTRUCT YOU ON THE LAW.

YOU HAVE TWO DUTIES AS A JURY.  YOUR FIRST DUTY IS TO DECIDE THE FACTS FROM THE EVIDENCE IN THE CASE.  THIS IS YOUR JOB, AND YOURS ALONE.

YOUR SECOND DUTY IS TO APPLY THE LAW THAT I GIVE YOU TO THE FACTS.  YOU MUST FOLLOW THESE INSTRUCTIONS, EVEN IF YOU DISAGREE WITH THEM.  EACH OF THE INSTRUCTIONS IS IMPORTANT, AND YOU MUST FOLLOW ALL OF THEM.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY.  DO NOT ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO INFLUENCE YOU.  YOU SHOULD NOT BE INFLUENCED BY ANY PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY, OR SEX.

NOTHING I SAY NOW, AND NOTHING I SAID OR DID DURING THE TRIAL, IS MEANT TO INDICATE ANY OPINION ON MY PART ABOUT WHAT THE FACTS ARE OR ABOUT WHAT YOUR VERDICT SHOULD BE.

GOVERNMENT INSTRUCTION NO.  __1__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.01

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY.  IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES.  YOUR NOTES ARE NOT EVIDENCE.  IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.  NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

GOVERNMENT INSTRUCTION NO.  __2__

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE
EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN
FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

I HAVE TAKEN JUDICIAL NOTICE OF CERTAIN FACTS THAT MAY BE
REGARDED AS MATTERS OF COMMON KNOWLEDGE.  YOU MAY ACCEPT THOSE
FACTS AS PROVED, BUT YOU ARE NOT REQUIRED TO DO SO.

GOVERNMENT INSTRUCTION NO.   3

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.02

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE

EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN

FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

GOVERNMENT INSTRUCTION NO. __4__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.02

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE

WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL,

AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH

WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER,

AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR,

OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF

ALL THE EVIDENCE IN THE CASE.

YOU SHOULD JUDGE THE DEFENDANT'S TESTIMONY IN THE SAME WAY

THAT YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS.

GOVERNMENT INSTRUCTION NO.   5

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.03

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL, AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER, AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.   6

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.03

YOU SHOULD USE COMMON SENSE IN WEIGHING THE EVIDENCE AND CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN OBSERVATIONS IN LIFE.

IN OUR LIVES, WE OFTEN LOOK AT ONE FACT AND CONCLUDE FROM IT THAT ANOTHER FACT EXISTS.  IN LAW WE CALL THIS "INFERENCE."  A JURY IS ALLOWED TO MAKE REASONABLE INFERENCES.  ANY INFERENCES YOU MAKE MUST BE REASONABLE AND MUST BE BASED ON THE EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.   7

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.04

SOME OF YOU HAVE HEARD THE PHRASES "CIRCUMSTANTIAL EVIDENCE" AND "DIRECT EVIDENCE."  DIRECT EVIDENCE IS THE TESTIMONY OF SOMEONE WHO CLAIMS TO HAVE PERSONAL KNOWLEDGE OF THE COMMISSION OF THE CRIME WHICH HAS BEEN CHARGED, SUCH AS AN EYEWITNESS.

CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A SERIES OF FACTS WHICH TEND TO SHOW WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  YOU SHOULD DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.  ALL THE EVIDENCE IN THE CASE, INCLUDING THE CIRCUMSTANTIAL EVIDENCE, SHOULD BE CONSIDERED BY YOU IN REACHING YOUR VERDICT.

GOVERNMENT INSTRUCTION NO. __8__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.05

CERTAIN THINGS ARE NOT EVIDENCE.  I WILL LIST THEM FOR YOU:

FIRST, TESTIMONY AND EXHIBITS THAT I STRUCK FROM THE RECORD, OR THAT I TOLD YOU TO DISREGARD,  ARE NOT EVIDENCE AND MUST NOT BE CONSIDERED.

SECOND, ANYTHING THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.  THIS INCLUDES ANY PRESS, RADIO, OR TELEVISION REPORTS YOU MAY HAVE SEEN OR HEARD.  SUCH REPORTS ARE NOT EVIDENCE AND YOUR VERDICT MUST NOT BE INFLUENCED IN ANY WAY BY SUCH PUBLICITY.

THIRD, QUESTIONS AND OBJECTIONS BY THE LAWYERS ARE NOT EVIDENCE.  ATTORNEYS HAVE A DUTY TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER.  YOU SHOULD NOT BE INFLUENCED BY ANY OBJECTION OR BY MY RULING ON IT.

FOURTH, THE LAWYERS' STATEMENTS TO YOU ARE NOT EVIDENCE.  THE PURPOSE OF THESE STATEMENTS IS TO DISCUSS THE ISSUES AND THE EVIDENCE. IF THE EVIDENCE AS YOU REMEMBER IT DIFFERS FROM WHAT THE LAWYERS SAID, YOUR MEMORY IS WHAT COUNTS.

GOVERNMENT INSTRUCTION NO. __9__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.06

IT IS PROPER FOR AN ATTORNEY TO INTERVIEW ANY WITNESS IN

PREPARATION FOR TRIAL.

GOVERNMENT INSTRUCTION NO.  10

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.07

THE INDICTMENT IN THIS CASE IS THE FORMAL METHOD OF ACCUSING THE DEFENDANT OF AN OFFENSE AND PLACING THE DEFENDANT ON TRIAL.  IT IS NOT EVIDENCE AGAINST THE DEFENDANT AND DOES NOT CREATE ANY INFERENCE OF GUILT.

THE DEFENDANT, JOSE C. RIOS, IS CHARGED WITH ONE COUNT OF CONSPIRACY TO DISTRIBUTE 5 OR MORE KILOGRAMS OF COCAINE (COUNT 1) AND POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME (COUNT TWO). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

THE DEFENDANT, GERARDO LUGO, IS CHARGED WITH ONE COUNT OF CONSPIRACY TO DISTRIBUTE 5 OR MORE KILOGRAMS OF COCAINE (COUNT 1) AND TWO COUNTS OF DISTRIBUTION OF COCAINE (COUNTS THREE AND FOUR). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

GOVERNMENT INSTRUCTION NO. __11__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 2.01

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 07-20002 |
| | ) | VIOLATIONS: TITLE 21, UNITED |
| V. | ) | STATES CODE, SECTIONS 846, |
| | ) | 841(A)(1), 841(B)(1)(A), AND |
| JOSE C. RIOS, AND | ) | 841(B)(1)(C) |
| GERARDO LUGO, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## COUNT 1
### (CONSPIRACY TO DISTRIBUTE 5 OR MORE KILOGRAMS OF COCAINE)

1.    FROM AT LEAST ABOUT 2003 OR BEFORE AND CONTINUING UNTIL

ABOUT AUGUST 2006, IN THE CENTRAL DISTRICT OF ILLINOIS, THE DEFENDANTS,

**JOSE C. RIOS AND GERARDO LUGO,**

KNOWINGLY AND INTENTIONALLY CONSPIRED WITH EACH OTHER AND OTHERS

TO DISTRIBUTE AND TO POSSESS WITH THE INTENT TO DISTRIBUTE A

CONTROLLED SUBSTANCE, NAMELY, 5 KILOGRAMS OR MORE OF A MIXTURE OR

SUBSTANCE CONTAINING COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE.

2.    AS PART OF THE CONSPIRACY, THE DEFENDANTS REGULARLY

DISTRIBUTED COCAINE AND CAUSED OTHERS TO DISTRIBUTE COCAINE, OFTEN

ON A FRONT OR CONSIGNMENT BASIS, IN THE KANKAKEE, ILLINOIS AREA.

ALL IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 846,

841(A)(1) AND 841(B)(1)(A).

## COUNT 2
### (POSSESSION OF A FIREARM IN FURTHERANCE OF
### A DRUG TRAFFICKING CRIME)

ON OR ABOUT FEBRUARY 18, 2004, IN THE CENTRAL DISTRICT OF ILLINOIS,

THE DEFENDANT,

**JOSE C. RIOS**,

KNOWINGLY POSSESSED A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING

CRIME, NAMELY, CONSPIRACY TO DISTRIBUTE COCAINE.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 924(C).


## COUNT 3
### (DISTRIBUTION OF COCAINE)

ON OR ABOUT JUNE 9, 2005, IN THE CENTRAL DISTRICT OF ILLINOIS, THE

DEFENDANT,

**GERARDO LUGO,**

KNOWINGLY AND INTENTIONALLY DISTRIBUTED A CONTROLLED SUBSTANCE,

NAMELY, A MIXTURE OR SUBSTANCE CONTAINING COCAINE, A SCHEDULE II

CONTROLLED SUBSTANCE.

ALL IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841(A)(1)

AND 841(B)(1)(C).

<u>**COUNT 4**</u>
**(DISTRIBUTION OF COCAINE)**

ON OR ABOUT JANUARY 25, 2006, IN THE CENTRAL DISTRICT OF ILLINOIS,

THE DEFENDANT,

**GERARDO LUGO,**

KNOWINGLY AND INTENTIONALLY DISTRIBUTED A CONTROLLED SUBSTANCE,

NAMELY, A MIXTURE OR SUBSTANCE CONTAINING COCAINE, A SCHEDULE II

CONTROLLED SUBSTANCE.

ALL IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841(A)(1)

AND 841(B)(1)(C).

A TRUE BILL,

S/FOREPERSON
FOREPERSON

S/JOHN CHILDRESS FOR
RODGER A. HEATON
UNITED STATES ATTORNEY
TAB

GOVERNMENT'S INSTRUCTION NO.   12

THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CHARGES.  THIS PRESUMPTION CONTINUES DURING EVERY STAGE OF THE TRIAL AND YOUR DELIBERATIONS ON THE VERDICT.  IT IS NOT OVERCOME UNLESS FROM ALL THE EVIDENCE IN THE CASE YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY AS CHARGED.  THE GOVERNMENT HAS THE BURDEN OF PROVING THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT.

THIS BURDEN OF PROOF STAYS WITH THE GOVERNMENT THROUGHOUT THE CASE.  THE DEFENDANT IS NEVER REQUIRED TO PROVE HIS INNOCENCE OR TO PRODUCE ANY EVIDENCE AT ALL.

GOVERNMENT INSTRUCTION NO.   13

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 2.03

THE DEFENDANT HAS AN ABSOLUTE RIGHT NOT TO TESTIFY. THE FACT

THAT THE DEFENDANT DID NOT TESTIFY SHOULD NOT BE CONSIDERED BY YOU

IN ANY WAY IN ARRIVING AT YOUR VERDICT.

GOVERNMENT INSTRUCTION NO.  __14__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.01

YOU HAVE HEARD EVIDENCE OF A STATEMENT SAID TO BE MADE BY THE

DEFENDANT TO _____. YOU MUST DECIDE WHETHER THE

DEFENDANT DID IN FACT MAKE THE STATEMENT. IF YOU FIND THAT THE

DEFENDANT DID MAKE THE STATEMENT, THEN YOU MUST DECIDE WHAT

WEIGHT, IF ANY, YOU FEEL THE STATEMENT DESERVES. IN MAKING THIS

DECISION, YOU SHOULD CONSIDER ALL MATTERS IN EVIDENCE HAVING TO DO

WITH THE STATEMENT, INCLUDING THOSE CONCERNING THE DEFENDANT

HIMSELF, AND THE CIRCUMSTANCES UNDER WHICH THE STATEMENT WAS

MADE.

GOVERNMENT INSTRUCTION NO.   15

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.02

YOU HAVE HEARD EVIDENCE THAT _____ HAS/HAVE

BEEN CONVICTED OF A CRIME. YOU MAY CONSIDER THIS EVIDENCE ONLY IN

DECIDED WHETHER HIS/THEIR TESTIMONY IS TRUTHFUL IN WHOLE, IN PART, OR

NOT AT ALL. YOU MAY NOT CONSIDER THIS EVIDENCE FOR ANY OTHER

PURPOSE.

GOVERNMENT INSTRUCTION NO.   16

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.11

YOU HAVE HEARD WITNESSES GIVE OPINIONS ABOUT MATTERS
REQUIRING SPECIAL KNOWLEDGE OR SKILL.  YOU SHOULD JUDGE THIS
TESTIMONY IN THE SAME WAY THAT YOU JUDGE THE TESTIMONY OF ANY
OTHER WITNESS.  THE FACT THAT SUCH A PERSON HAS GIVEN AN OPINION DOES
NOT MEAN THAT YOU ARE REQUIRED TO ACCEPT IT.  GIVE THE TESTIMONY
WHATEVER WEIGHT YOU THINK IT DESERVES, CONSIDERING THE REASONS
GIVEN FOR THE OPINION, THE WITNESS' QUALIFICATIONS, AND ALL OF THE
OTHER EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.   17

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.07

YOU HAVE HEARD TESTIMONY OF _____ WHO:

(A) RECEIVED IMMUNITY; THAT IS, A PROMISE FROM THE GOVERNMENT THAT TESTIMONY OR OTHER INFORMATION HE PROVIDED WOULD NOT BE USED AGAINST HIM IN A CRIMINAL CASE SO LONG AS HE IS TRUTHFUL;

(B) RECEIVED BENEFITS FROM THE GOVERNMENT IN CONNECTION WITH THIS CASE, NAMELY THE POSSIBILITY OF A REDUCTION IN SENTENCE; AND/OR

(C) STATED THAT HE WAS INVOLVED IN THE COMMISSION OF ONE OR MORE OF THE OFFENSES AS CHARGED AGAINST THE DEFENDANT;

YOU MAY GIVE THEIR TESTIMONY SUCH WEIGHT AS YOU FEEL IT DESERVES, KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT CARE.

GOVERNMENT INSTRUCTION NO.   18

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.13

CERTAIN SUMMARIES ARE IN EVIDENCE. THEY TRULY AND ACCURATELY SUMMARIZE THE CONTENTS OF VOLUMINOUS BOOKS, RECORDS, OR DOCUMENTS, AND SHOULD BE TOGETHER WITH AND IN THE SAME WAY AS ALL OTHER EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO. __19__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.15

YOU HAVE HEARD RECORDED CONVERSATIONS.  THESE RECORDED CONVERSATIONS ARE PROPER EVIDENCE AND YOU MAY CONSIDER THEM, JUST AS ANY OTHER EVIDENCE.

WHEN THE RECORDINGS WERE PLAYED DURING THE TRIAL, YOU WERE FURNISHED TRANSCRIPTS OF THE RECORDED CONVERSATIONS PREPARED BY GOVERNMENT AGENTS.

THE RECORDINGS ARE THE EVIDENCE, AND THE TRANSCRIPTS WERE PROVIDED TO YOU ONLY AS A GUIDE TO HELP YOU FOLLOW AS YOU LISTEN TO THE RECORDINGS.  THE TRANSCRIPTS ARE NOT EVIDENCE OF WHAT WAS ACTUALLY SAID OR WHO SAID IT.  IT IS UP TO YOU TO DECIDE WHETHER THE TRANSCRIPTS CORRECTLY REFLECT WHAT WAS SAID AND WHO SAID IT.  IF YOU NOTICED ANY DIFFERENCE BETWEEN WHAT YOU HEARD ON THE RECORDINGS AND WHAT YOU READ IN THE TRANSCRIPTS, YOU MUST RELY ON WHAT YOU HEARD, NOT WHAT YOU READ.  AND IF AFTER CAREFUL LISTENING, YOU COULD NOT HEAR OR UNDERSTAND CERTAIN PARTS OF THE RECORDINGS, YOU MUST IGNORE THE TRANSCRIPTS AS FAR AS THOSE PARTS ARE CONCERNED.

GOVERNMENT INSTRUCTION NO.   20

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION NO. 3.17

AN OFFENSE MAY BE COMMITTED BY MORE THAN ONE PERSON.  A
DEFENDANT'S GUILT MAY BE ESTABLISHED WITHOUT PROF THAT THE
DEFENDANT PERSONALLY PERFORMED EVERY ACT CONSTITUTING THE CRIME
CHARGED.

GOVERNMENT'S INSTRUCTION NO.  __21__

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 5.05

ANY PERSON WHO KNOWINGLY AIDS, COUNSELS, COMMANDS, INDUCES OR PROCURES THE COMMISSION F AN OFFENSE MAY BE FOUND GUILTY OF THAT OFFENSE.  THAT PERSON MUST KNOWINGLY ASSOCIATE WITH THE CRIMINAL ACTIVITY, PARTICIPATE IN THE ACTIVITY, AND TRY TO MAKE IT SUCCEED.

IF A DEFENDANT KNOWINGLY CAUSED THE ACTS OF ANOTHER, THE DEFENDANT IS RESPONSIBLE FOR THOSE ACTS AS THOUGH HE PERSONALLY COMMITTED THEM.

GOVERNMENT'S INSTRUCTION NO. __22__

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 5.06

THE INDICTMENT CHARGES THAT THE OFFENSES WERE COMMITTED "ON OR ABOUT" CERTAIN DATES.  THE GOVERNMENT MUST PROVE THAT THE OFFENSES HAPPENED REASONABLY CLOSE TO THOSE DATES, BUT IS NOT REQUIRED TO PROVE THAT THE ALLEGED OFFENSES HAPPENED ON THOSE EXACT DATES.

GOVERNMENT INSTRUCTION NO.   23

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 4.04

WHEN THE WORD "KNOWINGLY" IS USED IN THESE INSTRUCTIONS, IT MEANS THAT THE DEFENDANT REALIZED WHAT HE WAS DOING AND WAS AWARE OF THE NATURE OF HIS CONDUCT, AND DID NOT ACT THROUGH IGNORANCE, MISTAKE OR ACCIDENT. KNOWLEDGE MAY BE PROVED BY THE DEFENDANT'S CONDUCT, AND BY ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

GOVERNMENT INSTRUCTION NO. __24__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 4.06

A CONSPIRACY IS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO ACCOMPLISH AN UNLAWFUL PURPOSE.  TO SUSTAIN THE CHARGE OF CONSPIRACY, THE GOVERNMENT MUST PROVE:

FIRST, THAT THE CONSPIRACY AS CHARGED IN COUNT ONE OF THE INDICTMENT EXISTED; AND

SECOND, THAT THE DEFENDANT KNOWINGLY BECAME A MEMBER OF THE CONSPIRACY WITH AN INTENTION TO FURTHER THE CONSPIRACY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

A CONSPIRACY MAY BE ESTABLISHED EVEN IF ITS PURPOSE WAS NOT ACCOMPLISHED.

TO BE A MEMBER OF THE CONSPIRACY, THE DEFENDANT NEED NOT JOIN AT THE BEGINNING OR KNOW ALL THE OTHER MEMBERS OR THE MEANS BY WHICH ITS PURPOSE WAS TO BE ACCOMPLISHED.  THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS AWARE OF THE COMMON PURPOSE AND WAS A WILLING PARTICIPANT.

GOVERNMENT INSTRUCTION NO. __25__

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION NO. 5.08

EACH COUNT OF THE INDICTMENT CHARGES THE EACH DEFENDANT NAMED IN THAT COUNT WITH HAVING COMMITTED A SEPARATE OFFENSE.

YOU MUST GIVE SEPARATE CONSIDERATION BOTH TO EACH COUNT AND TO EACH DEFENDANT.  YOU MUST CONSIDER EACH COUNT AND THE EVIDENCE RELATING TO IT SEPARATE AND APART FROM EACH OTHER.

YOU SHOULD RETURN A SEPARATE VERDICT AS TO EACH DEFENDANT AND AS TO EACH COUNT.  YOUR VERDICT OF GUILTY OR NOT GUILTY OF AN OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR DECISION AS TO THAT DEFENDANT UNDER ANY OTHER COUNT.

GOVERNMENT'S INSTRUCTION NO. __26__

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 7.04

YOU ARE INSTRUCTED THAT COCAINE IS A CONTROLLED SUBSTANCE.

GOVERNMENT INSTRUCTION NO. __27__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 21 U.S.C. § 841(a)(1) (definition of controlled substance)

DISTRIBUTION IS THE TRANSFER OF POSSESSION FROM ONE PERSON TO ANOTHER.

GOVERNMENT INSTRUCTION NO.  28

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 21 U.S.C. § 841(a)(1) (definition of distribution)

TO SUSTAIN THE CHARGE OF DISTRIBUTING COCAINE, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THE DEFENDANT DISTRIBUTED COCAINE;

SECOND, THE DEFENDANT DID SO KNOWINGLY OR INTENTIONALLY; AND

THIRD, THE DEFENDANT KNEW THE SUBSTANCE WAS A CONTROLLED SUBSTANCE.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS  HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD IND THE DEFENDANT GUILTY

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

GOVERNMENT INSTRUCTION NO.  __29__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 21 U.S.C. § 841(a)(1) (elements)

TO SUSTAIN THE CHARGE OF POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG CRIME, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT COMMITTED THE CRIME OF CONSPIRACY TO DISTRIBUTE COCAINE AS CHARGED IN COUNT 1; AND

SECOND, THAT THE DEFENDANT KNOWINGLY POSSESSED A FIREARM IN FURTHERANCE OF THAT CRIME.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

GOVERNMENT'S INSTRUCTION NO. __30__

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION, 18 U.S.C. § 924(c) (elements)

POSSESSION OF AN OBJECT IS THE ABILITY TO CONTROL IT.  POSSESSION MAY EXIST EVEN WHEN A PERSON IS NOT IN PHYSICAL CONTACT WITH THE OBJECT, BUT KNOWINGLY HAS THE POWER AND INTENTION TO EXERCISE DIRECTION OR CONTROL OVER IT, EITHER DIRECTLY OR THROUGH OTHERS.

GOVERNMENT'S INSTRUCTION NO.   31

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION, 18 U.S.C. §922(g)

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR REPRESENTATIVE HERE IN COURT.

A FORM OF VERDICTS HAVE BEEN PREPARED FOR YOU.

TAKE THIS FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN AND DATE THE FORM, AND EACH OF YOU WILL SIGN IT.

GOVERNMENT INSTRUCTION NO.  _32_

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.01

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

GOVERNMENT INSTRUCTION NO. __33__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.05

THE VERDICTS MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  YOUR VERDICTS, WHETHER THEY BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT. IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS.  DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND.  DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG.  BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

GOVERNMENT INSTRUCTION NO.  __34__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.06

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 07-20002 |
| | ) | VIOLATION: TITLE 21, |
| vs. | ) | STATES CODE, SECTIONS |
| | ) | 846 AND 841(A)(1) AND TITLE |
| JOSE C. RIOS, | ) | 18 UNITED STATES CODE, |
| | ) | SECTION 924(C) |
| DEFENDANT. | ) | |

## **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, JOSE C. RIOS,

_____ OF THE OFFENSE OF CONSPIRACY TO DISTRIBUTE
(GUILTY, NOT GUILTY)

5 OR MORE KILOGRAMS OF COCAINE AS CHARGED IN COUNT 1 OF THE

INDICTMENT.

IF YOU FIND THE DEFENDANT GUILTY OF THE OFFENSE OF CONSPIRACY,

AS CHARGED IN COUNT ONE OF THE INDICTMENT, PLEASE ANSWER THE

FOLLOWING QUESTION:

1.  DID THE GOVERNMENT PROVE BEYOND A REASONABLE DOUBT THAT

THE QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY WAS 5 OR MORE

KILOGRAMS?    _____
                        YES/NO

WE, THE JURY, FIND THE DEFENDANT, JOSE C. RIOS,

_____ OF THE OFFENSE OF POSSESSION OF A FIREARM IN
(GUILTY, NOT GUILTY)

FURTHERANCE OF A DRUG TRAFFICKING CRIME AS CHARGED IN COUNT 2 OF

THE INDICTMENT.


_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____
                                                        FOREPERSON


GOVERNMENT INSTRUCTION NO.   35

United States v. Knight, 342 F.3d 697, 710-12 (7th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 07-20002 |
| | ) | VIOLATION: TITLE 21, |
| vs. | ) | STATES CODE, SECTIONS |
| | ) | 846 AND 841(A)(1) AND TITLE |
| JOSE C. RIOS, | ) | 18 UNITED STATES CODE, |
| | ) | SECTION 924(C) |
| DEFENDANT. | ) | |

## **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, JOSE C. RIOS,

_____ OF THE OFFENSE OF CONSPIRACY TO DISTRIBUTE
(GUILTY, NOT GUILTY)

5 OR MORE KILOGRAMS OF COCAINE AS CHARGED IN COUNT ONE OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, JOSE C. RIOS,

_____ OF THE OFFENSE POSSESSION OF A FIREARM IN
(GUILTY, NOT GUILTY)

FURTHERANCE OF A DRUG TRAFFICKING CRIME AS CHARGED IN COUNT TWO

OF THE INDICTMENT.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

GOVERNMENT'S INSTRUCTION NO. __36__

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20015 |
| | ) | VIOLATION: TITLE 21, UNITED |
| vs. | ) | STATES CODE, SECTIONS |
| | ) | 846 AND 841(A)(1) |
| GERARDO LUGO, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, GERARDO LUGO,

_____ OF THE OFFENSE OF CONSPIRACY TO DISTRIBUTE
(GUILTY, NOT GUILTY)

5 OR MORE KILOGRAMS OF COCAINE AS CHARGED IN COUNT 1 OF THE

INDICTMENT.

IF YOU FIND THE DEFENDANT GUILTY OF THE OFFENSE OF CONSPIRACY,

AS CHARGED IN COUNT ONE OF THE INDICTMENT, PLEASE ANSWER THE

FOLLOWING QUESTION:

1. DID THE GOVERNMENT PROVE BEYOND A REASONABLE DOUBT THAT

THE QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY WAS 5 OR MORE

KILOGRAMS? _____
                    YES/NO

WE, THE JURY, FIND THE DEFENDANT, GERARDO LUGO,

_____ OF THE OFFENSE OF DISTRIBUTION OF COCAINE
(GUILTY, NOT GUILTY)

AS CHARGED IN COUNT 3 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, GERARDO LUGO,

_____ OF THE OFFENSE OF DISTRIBUTION OF COCAINE
(GUILTY, NOT GUILTY)

AS CHARGED IN COUNT 4 OF THE INDICTMENT.


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____
                                          FOREPERSON


GOVERNMENT INSTRUCTION NO.  __37__

United States v. Knight, 342 F.3d 697, 710-12 (7th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 07-20002 |
| | ) | VIOLATION: TITLE 21, UNITED |
| vs. | ) | STATES CODE, SECTIONS |
| | ) | 846 AND 841(A)(1) |
| GERARDO LUGO, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, GERARDO LUGO,

_____ OF THE OFFENSE OF CONSPIRACY TO DISTRIBUTE
(GUILTY, NOT GUILTY)

5 OR MORE KILOGRAMS OF COCAINE AS CHARGED IN COUNT ONE OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, GERARDO LUGO,

_____ OF THE OFFENSE DISTRIBUTION OF COCAINE
(GUILTY, NOT GUILTY)

AS CHARGED IN COUNT THREE OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, GERARDO LUGO,

_____ OF THE OFFENSE DISTRIBUTION OF COCAINE
(GUILTY, NOT GUILTY)

AS CHARGED IN COUNT FOUR OF THE INDICTMENT.


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

GOVERNMENT'S INSTRUCTION NO.   38