E-FILED
Friday, 04 May, 2007   04:10:24 PM
Clerk, U.S. District Court, ILCD

YOU MAY FIND THE TESTIMONY OF ONE WITNESS OR A FEW WITNESSES MORE PERSUASIVE THAN THE TESTIMONY OF A LARGER NUMBER.  YOU NEED NOT ACCEPT THE TESTIMONY OF THE LARGER NUMBER OF WITNESSES.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 1.09

YOU HAVE HEARD EVIDENCE THAT BEFORE THE TRIAL WITNESSES MADE STATEMENTS THAT MAY BE INCONSISTENT WITH THE WITNESS9ES'S TESTIMONY HERE IN COURT.  IF YOU FIND THAT IT IS INCONSISTENT, YOU MAY CONSIDER THE EARLIER STATEMENT IN DECIDING THE TRUTHFULNESS AND ACCURACY OF THAT WITNESS'S TESTIMONY IN THIS TRIAL. YOU MAY NOT USE IT AS EVIDENCE OF THE TRUTH OF THE MATTERS CONTAINED IN THAT PRIOR STATEMENT.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 3.09

YOU HAVE HEARD REPUTATION EVIDENCE ABOUT THE CHARACTER TRAIT OF _____ FOR UNTRUTHFULNESS.  YOU SHOULD CONSIDER THIS EVIDENCE IN DECIDING THE WEIGHT THAT YOU WILL GIVE TO TESTIMONY.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 3.12

YOU HAVE HEARD TESTIMONY FROM _____ WHO:

(A)    RECEIVED IMMUNITY; THAT IT, A PROMISE FROM THE GOVERNMENT THAT ANY TESTIMONY OR OTHER INFORMATION HE/SHE PROVIDED WOULD NOT BE USED AGAINST HIM/HER IN A CRIMINAL CASE.

(B)    RECEIVED BENEFITS FROM THE GOVERNMENT IN CONNECTION WITH THIS CASE, NAMELY _____ .

( C)    STATED THAT HE/SHE WAS INVOLVED IN THE COMMISSION OF THE OFFENSE AS CHARGED AGAINST THE DEFENDANT.

(D)    STATED THAT HE/SHE WAS INVOLVED IN THE COMMISSION OF THE OFFENSE AS CHARGED AGAINST THE DEFENDANT.

(E)    HAS PLEADED GUILTY TO AN OFFENSE ARISING OUT OF THE SAME OCCURRENCE FOR WHICH THE DEFENDANT IS NOW ON TRIAL.  HIS/HER GUILTY PLEA IS NOT TO BE CONSIDERED AS EVIDENCE AGAINST THE DEFENDANT.

YOU MAY GIVE HIS/HER TESTIMONY SUCH WEIGHT AS YOU FEEL IT DESERVES, KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT CARE.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 3.13

EVEN THOUGH THE DEFENDANTS ARE BEING TRIED TOGETHER, YOU MUST GIVE EACH OF THEM SEPARATE CONSIDERATION.  IN DOING THIS, YOU MUST ANALYZE WHAT THE EVIDENCE SHOWS ABOUT EACH DEFENDANT LEAVING OUT OF CONSIDERATION ANY EVIDENCE THAT WAS ADMITTED SOLELY AGAINST SOME OTHER DEFENDANT OR DEFENDANTS.  EACH DEFENDANT IS ENTITLED TO HAVE HIS/HER CASE DECIDED ON THE EVIDENCE AND THE3 LAW THAT APPLIES TO THAT DEFENDANT.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 4.05

A DEFENDANT'S PRESENCE AT THE SCENE OF A CRIME AND KNOWLEDGE THAT A CRIME IS BEING COMMITTED IS NOT ALONE SUFFICIENT TO ESTABLISH THE DEFENDANT'S GUILT.

A DEFENDANT'S ASSOCIATION WITH CONSPIRATORS OR PERSONS INVOLVED IN A CRIMINAL ENTERPRISE IS NOT BY ITSELF SUFFICIENT TO PROVE HIS/HER PARTICIPATION OR MEMBERSHIP IN A CONSPIRACY.

IF A DEFENDANT PERFORMED ACTS THAT ADVANCED A CRIMINAL ACTIVITY BUT HAD NO KNOWLEDGE THAT A CRIME WAS BEING COMMITTED OR WAS ABOUT TO BE COMMITTED, THOSE ACTS ALONE ARE NOT SUFFICIENT TO ESTABLISH THE DEFENDANT'S GUILT.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 5.11

THE EXISTENCE OF A SIMPLE BUYER-SELLER RELATIONSHIP BETWEEN A DEFENDANT AND ANOTHER PERSON, WITHOUT MORE, IS NOT SUFFICIENT TO ESTABLISH A CONSPIRACY, EVEN WHERE THE BUYER INTENDS TO RESELL THE ILLEGAL SUBSTANCE. THE FACT THAT A DEFENDANT MAY HAVE BOUGHT ILLEGAL SUBSTANCE FROM ANOTHER PERSON OR SOLD ILLEGAL SUBSTANCE TO ANOTHER PERSON IS NOT SUFFICIENT WITHOUT MORE TO ESTABLISH THAT THE DEFENDANT WAS A MEMBER OF THE CHARGED CONSPIRACY.

IN CONSIDERING WHETHER A CONSPIRACY OR A SIMPLE BUYER-SELLER RELATIONSHIP EXISTED, YOU SHOULD CONSIDER ALL OF THE EVIDENCE, INCLUDING THE FOLLOWING FACTORS:

(1)    WHETHER THE TRANSACTION INVOLVED LARGE QUANTITIES OF ILLEGAL SUBSTANCE;

(2)    WHETHER THE PARTIES HAD A STANDARIZED WAY OF DOING BUSINESS OVER TIME;

(3)    WHETHER THE SALES WERE ON CREDIT OR ON CONSIGNMENT;

(4)    WHETHER THE PARTIES HAD A CONTINUING RELATIONSHIP;

(5)    WHETHER THE SELLER HAD A FINANCIAL STAKE IN A RESALE BY THE BUYER;

(6)    WHETHER THE PARTIES HAD AN UNDERSTANDING THAT THE ILLEGAL SUBSTANCE WOULD BE RESOLD.

NO SINGLE FACTOR NECESSARILY INDICATES BY ITSELF THAT A DEFENDANT WAS OR WAS NOT ENGAGED IN A SIMPLE BUYER-SELLER RELATIONSHIP.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 6.12

EACH COUNT OF THE INDICTMENT CHARGES THE DEFENDANT WITH HAVING COMMITTED A SEPARATE OFFENSE.

EACH COUNT AND THE EVIDENCE RELATING TO IT SHOULD BE CONSIDERED SEPARATELY, AND A SEPARATE VERDICT SHOULD BE RETURNED AS TO EACH COUNT.  YOUR VERDICT OF NOT GUILTY OR GUILTY OF AN OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR DECISION AS TO ANY OTHER COUNT.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 7.03

EACH COUNT OF THE INDICTMENT CHARGES EACH DEFENDANT NAMED IN THAT COUNT WITH HAVING COMMITTED A SEPARATE OFFENSE.

YOU MUST GIVE SEPARATE CONSIDERATION BOTH TO EACH COUNT AND TO EACH DEFENDANT.  YOU MUST CONSIDER EACH COUNT AND THE EVIDENCE RELATING TO IT SEPARATE AND APART FORM EVERY OTHER COUNT.

YOU SHOULD RETURN A SEPARATE VERDICT AS TO EACH DEFENDANT AND AS TO EACH COUNT.  YOUR VERDICT OF NOT GUILTY OR GUILTY OF AN OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR DECISION AS TO THAT DEFENDANT UNDER ANY OTHER COUNT.

LUGO'S INSTRUCTION NO.

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 7.04

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 07CR20002 |
| | ) |
| GERARDO LUGO | ) |
| Defendant | ) |

## CERTIFICATE OF SERVICE

The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

**GERARDO LUGO PROPOSED JURY INSTRUCTIONS**

was served pursuant to the district court's ECF filers to the following:

Timothy Bass
Assistant United States Attorney
201 S. Vine
Urbana, IL 601801

Respectfully submitted,

/s/ Gal Pissetzky_____
Gal Pissetzky
One of Mr. Lugo's lawyers
53 W. Jackson Blvd., Suite 1403
Chicago, IL 60604
(312)566-9900