UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 CR 20002 |
| vs. ) | |
| ) | |
| GERARDO LUGO, ) | |
| ) | |
| Defendant. ) | |

**GERARDO LUGO'S MOTION IN LIMINE TO BAR THE INTRODUCTION OF MOBILE PHONE RECORDS**

Defendant, **GERARDO LUGO**, by his attorney, **GAL PISSETZKY**, respectfully moves this Honorable Court to bar *in limine* the introduction of mobile phone records that were seized from Mr. Lugo on August 24, 2006.. In support of his motion, Mr. Lugo states the following:

1. On May 1, 2007, less than two weeks before trial, the government informed Mr. Lugo's attorney that it intends to introduce into evidence mobile phones that were seized from Mr. Lugo on the day he was arrested, August 24, 2006. Moreover, the government intends to introduce phone records that were retrieved from the mobile phones' memory after the Agents in this case seized the phones.

2. On August 24, 2006, law enforcement agents involved in this matter stopped Mr. Lugo while he was driving a 2000 black Chrysler. The Agents arrested Mr. Lugo without incident and transported him to the Kankakee Area Metropolitan Enforcement Group office. The Chrysler was subsequently seized and processed as

non-drug evidence exhibit N-39. TFO Maguire later searched the car and recovered (1) Motorola i855 Boost cellular telephone, and (1) Verizon Palm Treo cellular telephone. Both phones were inventoried as non-drug exhibit N-38.

3. The Agents searched the phones that were in the Chrysler without any exigent circumstance, without a search warrant or consent to search, and thus violated Mr. Lugo's Fourth Amendment rights.

4. The government informed Mr. Lugo's attorney that other than Mr. Lugo's arrest report generated in this case, there are no other reports about the actual search of the two mobile phones.

5. Our Supreme Court has held that once an Officer seized personal property from an arrestee and the property is no longer in the arrestee's exclusive control, there is no danger that the arrestee would gain access to the property and destroy the evidence. United States v. Chadwick, 433 U.S. 1 (1977). "A search of that property is no longer an incident to the arrest." United States v. Ortiz, 84 F.3d 977, 984 (7th Circ. 1996); *see also* New York v. Belton, 453 U.S. 454 (1981). A search incident to arrest must be made contemporaneous with the arrest. A search of a mobile phone device immediately incident to a valid arrest may be imperative to prevent loss of data. Ortiz at 984.

6. However, when the search is not contemporaneous with the arrest, as in our case, and is done at a later time, the search is absolutely not incident to the arrest.

7. Moreover, here, no exigent circumstances existed to give rise to a warrantless search of the phones. The search occurred hours after Mr. Lugo's arrest and the seizure of the Chrysler. In fact, the actual search of the mobile phones took place days after the

phones were seized. Further, the phones were not powered up, and no data could have been destroyed at any time. Once the Agents had exclusive possession of the mobile phone no exigency existed.

8. The Agent and the government violated Mr. Lugo's fourth amendment right when they search the two mobile phone seized from the Chrysler without a warrant, exigent circumstance, consent, or a search incident to arrest.

WHEREFORE, the Petitioner, Mr. Lugo is requesting that this Honorable Court bar *in limine* the introduction into evidence the mobile phone records retrieved from the phone's memory in violation of Mr. Lugos' Fourth Amendment rights.

Respectfully submitted,

By:   /S/ Gal Pissetzky
    Gal Pissetzky, Esq.
    Attorney for Defendant,
    Gerardo Lugo

**GAL PISSETZKY**
Pissetzky, Berliner & Zhitnitsky
53 W. Jackson Blvd.
Suite 1403
Chicago, Illinois 60604
(312) 566-9900

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 07CR20002 |
| | ) | |
| GERARDO LUGO | ) | |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

**GERARDO LUGO'S MOTION IN LIMINE TO BAR THE INTRODUCTION OF MOBILE PHONE RECORDS**

was served pursuant to the district court's ECF filers to the following:

Timothy Bass
Assistant United States Attorney
201 S. Vine
Urbana, IL 601801

Respectfully submitted,

/s/ Gal Pissetzky
Gal Pissetzky
One of Mr. Lugo's lawyers
53 W. Jackson Blvd., Suite 1403
Chicago, IL 60604
(312)566-9900