UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20002 |
| ) | |
| JOSE RIOS, and ) | |
| GERARDO LUGO, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S MOTION IN LIMINE

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its motion in limine. The government states as follows:

## PROCEDURAL HISTORY

1.     On August 23, 2006, Defendant Lugo was charged in a criminal complaint with distribution of cocaine (06-07222).

2.     On August 23, 2006, Defendant Rios was charged in a criminal complaint with conspiracy to distribute cocaine (06-07223).

3.     Other defendants charged out of the same investigation in criminal complaints on August 22 and 23, 2006, include Christopher Morrissette (06-07219), Robert Odeneal (06-07216), Jason Pline (06-07217), Mario Macias (06-07220), and Heriberto Diaz (06-07218). The affidavits concerning these defendants described the

drug transactions for which they were individually charged. In addition, an additional defendant, Jason Ward, was charged previously in this district in a criminal complaint and indictment and pleaded guilty in 2004. (04-07227, 04-20041) Finally, Brent Goselin was also charged in a separate indictment in 2006 with tax and drug charges and pleaded guilty to those charges in April 2007 (Case No. 06-20015)

4. On September 20, 2006, Defendant Rios was charged in an indictment with conspiracy to distribute 5 or more kilograms of cocaine. (06-20062) On that same date, Defendant Lugo was charged in an indictment with distribution of cocaine. (06-20057) In addition, related defendants Morrissette (06-20060), Macias (06-20059), Odeneal (06-20061), Pline (06-20063), and Diaz (06-20058) were also charged in separate indictments.

5. On January 4, 2007, Defendants Lugo and Rios were charged together in a superseding indictment. Count 1 of the superseding indictment charges that "from at least about 2003 or before and continuing until about August 2006," the defendants conspired to distribute and to possess with the intent to distribute 5 or more kilograms of cocaine. Count 1 further charges that "[a]s part of the conspiracy, the defendants regularly distributed cocaine and caused others to distribute cocaine, often on a front or consignment basis, in the Kankakee, Illinois area."

6. The superseding indictment also charges one substantive count against Defendant Rios and two substantive counts against Defendant Lugo. Count 2 charges Defendant Rios with possession of a firearm in furtherance of a drug trafficking crime

on or about February 18, 2004. Counts 3 and 4 charge Defendant Lugo with distribution of cocaine on or about June 9, 2005, and January 25, 2006.

7. In January and February 2007, related defendants Morrissette, Odeneal, Macias and Pline entered guilty pleas to their respective indictments. As part of their guilty pleas, Morrissette and Odeneal agreed to be held accountable for 5 or more kilograms of cocaine. (See Plea Agreements of Morrissette 06-20060, and Odeneal 06-20061)

8. At trial, the government intends to call several witnesses who have received limited use immunity from the agreement; hope to receive a reduction in their federal sentence; have pleaded guilty to certain crimes in federal or state court; and/or have prior felony and misdemeanor convictions. These witnesses include: Jason Ward, Chris Morrissette, Robert Odeneal, Mario Macias, James Pline, and Brent Goselin.

9. **Jason Ward**, as mentioned above, was charged previously in an indictment in this district in 2004 with four felony offenses: Distribution of Cocaine; Possession of Cocaine With the Intent to Distribute; Use of a Firearm in Furtherance of a Drug Trafficking Crime; and Felon in Possession of a Firearm. The underlying details of Ward's use of a firearm conviction were that he fired a handgun at police officers who were executing a search warrant at his residence. Pursuant to a plea agreement, Ward pleaded guilty and agreed to cooperate with the government. (04-07227, 04-20041) This Court sentenced him to 153 months imprisonment. In addition to these felony offenses, Ward's other felony convictions are Grand Theft (2/1990); Mob Action (3/1994).

Finally, Ward has several misdemeanor convictions for Trespass; Criminal Trespass; Criminal Damage to Property; Driving While License Suspended; Driving While License Revoked; and Battery.

10. **Chris Morrissette**, as mentioned above, is charged separately from Defendants Rios and Lugo and has agreed to testify at their trial pursuant to a plea and cooperation agreement with the government. Morrissette's criminal history includes burglary (1987); burglary (1990); harboring a runaway (1993); burglary (1993); criminal conversion (1994); possession of stolen vehicle (1994) breaking and entering (1995); theft (1998); and possession of stolen vehicle (2000).

11. In addition, as part of his cooperation with the government, FBI agents interviewed Morrissette as part of a sensitive and ongoing investigation. The nature of the investigation is set forth in the attached reports, which are filed under seal but which have been disclosed to counsel for Defendants Rios and Lugo. As part of that investigation, and as set forth in the attached polygraph report, Morrissette was subjected to a polygraph examination. The polygraph examiner concluded that Morrissette's answers to the two questions indicated deception.

12. Finally, as indicated above, several other witnesses will testify, all of whom either have some type of plea or limited use immunity agreement with the government, and/or hope to receive a reduction in sentence. In addition, like Ward and Morrissette, some of these other witnesses also have felony and/or misdemeanor convictions.

**Basis for Motion in Limine**

13.     The government acknowledges that it is entirely appropriate for government witnesses to be cross-examined concerning any agreements with the government and prior felony convictions or other convictions involving dishonesty within the previous ten-year period. In this motion, however, the government requests that this Court exclude any evidence or cross-examination of witnesses concerning: 1) any conviction of a witness that is more than 10 years old; 2) the underlying details of any prior conviction; 3) speculation or questioning about potential sentences or penalties a witness or the defendants might be facing; and 4) evidence of Morrissette's polygraph examination. Such evidence is irrelevant under Rule 402 of the Federal Rules of Evidence and is cumulative impeachment and substantially outweighed by the danger of unfair prejudice under Rule 403.

## ARGUMENT

14.     Rule 402 of the Federal Rules of Evidence provides that evidence which is not relevant is not admissible. Fed.R.Evid. 402. Similarly, Rule 403 provides that the Court may exclude evidence that is substantially outweighed by the danger of prejudice, wasting of time, and confusion of the issues. Fed.R.Evid. 403.

15.     Rule 609(a)(1) of the Federal Rule of Evidence provides that "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403 [danger of unfair prejudice], if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was

convicted." Fed.R.Evid. 609(a). In addition, Rule 609(a)(2) provides that "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed.R.Evid. 609(b). However, "Rule 609(b) places a time limit on the evidence: 'Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.'" United States v. Gray, 410 F.3d 338, 346 (7th Cir. 2005) (quoting Rule 609 and affirming exclusion of witness's 12 year-old perjury conviction).

16.     As part introducing the prior conviction, a party "may identify the particular felony charged, the date, and the disposition of a prior conviction for impeachment purposes." United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006); Campbell v. Greer, 831 F.2d 700 (7th Cir. 1987); United States v. White, 222 F.3d 363, 370 (7th Cir. 2000). "[T]his is not to say that the opposing party may harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case." Smith, 454 F.3d at 716; Campbell, 831 F.2d at 707. Where a witness "attempts to explain away the prior conviction by giving his or her own version of events, the door has been opened to impeachment" concerning "the details of the prior

conviction." Smith, 454 F.3d at 716-17; White, 222 F.3d at 370. Even when the door is opened, however, that "is not a license to dwell on the details of the prior conviction and shift the focus of the current trial" to the witness's "prior bad acts." United States v. Douglas, 408 F.3d 922, 929 (7th Cir. 2005).

17. In addition, it is well established that a defendant has a right to cross-examine government witnesses concerning their credibility, motives, or possible bias. See, e.g., United States v. Arocho, 305 F.3d 627, 636 (7th Cir. 2002); United States v. Cavender, 228 F.3d 792, 798 (7th Cir. 2000). A district court, however, "may reasonably limit the scope and extent of cross-examination based on concerns about things like harassment, prejudice, confusion of the issues, or interrogation that is repetitive or only marginally relevant." Arocho, 305 F.3d at 636. The trial court may also preclude "cumulative and confusing cross-examination into areas already sufficiently explored to permit the defense to argue personal bias and testimonial unreliability." United States v. Nelson, 39 F.3d 705, 708 (7th Cir. 1994). It is not an abuse of discretion for a district court to prohibit cross-examination of potential sentences a government witness faces since such inquiry may create the risk of exposing the potential sentence the defendant faces and may thereby improperly sway the jury. See, e.g., Arocho, 305 F.3d at 636 (affirming exclusion of cross-examination concerning specific sentences because such "testimony would place before the jury information from which it could infer the potential sentences the appellants faced and that could improperly sway the jury"); United States v. Nelson, 39 F.3d 705, 708-09 (7th Cir. 1994) (district court did not abuse

its discretion in refusing to allow defendant to cross-examine prosecution witnesses as to penalties they faced without their plea bargains); United States v. Xheka, 704 F.2d 974, 984 (7th Cir. 1983) (holding that the district court did not abuse its discretion in prohibiting questions on cross-examination which would elicit the maximum penalty the witness faced if convicted); United States v. Fitzgerald, 579 F.2d 1014 (7th Cir. 1978) (holding that the district court did not abuse its discretion in prohibiting cross-examination of witness as to the potential sentence the witness faced); United States v. Alvarez, 987 F.2d 77, 82 (1st Cir. 1993) (cross-examination as to sentence witness potentially faced would mislead or confuse the jury where the defendant on trial faced the same penalties).

18.   Finally, it is well established in this Circuit that the admission of polygraph evidence is within the sound discretion of the district court. United States v. Pulido, 69 F.3d 192, 205 (1995); see also United States v. Olson, 978 F.2d 1472, 1480 (7th Cir. 1992). It is not an abuse of discretion for a district court to exclude evidence of a government witness's polygraph examination where the examination did not involve the "core issues" at trial and the defendant is "able to conduct a thorough and aggressive cross-examination of [the witness] without mentioning the polygraph results." Pulido, 69 F.3d at 205 (affirming exclusion of impeachment of government witness with polygraph exam); Olson, 978 F.2d at 1480 (same and noting that district court concluded that such impeachment would "take us on a course of action that's too far away from the core issues of this case").

19.     In this case, the government acknowledges that it is entirely appropriate for government witnesses to be cross-examined concerning their motive to testify, any agreements with the government, and prior felony convictions and other convictions involving dishonesty within the previous ten-year period. However, any evidence or cross-examination of witnesses concerning: 1) any conviction of a witness that is more than 10 years old; 2) the underlying details of any prior conviction, such as **Ward's** use of a firearm conviction (shooting at a police officer); and 3) speculation about potential sentences or penalties a witness or the defendant might be facing should be excluded. Such evidence is irrelevant under Rule 402 of the Federal Rules of Evidence and is cumulative impeachment and substantially outweighed by the danger of unfair prejudice under Rule 403.

20.     In addition, Morrissette's polygraph examination is completely unrelated to the facts of this case. Thus, any impeachment of Morrissette concerning the polygraph examination would be of no probative value, would be cumulative impeachment, would cause confusion of the issues, and would create a significant danger of unfair prejudice. Accordingly, any evidence of the polygraph examination should likewise be excluded.

WHEREFORE, the government respectfully requests that this motion be granted.

        Respectfully submitted,

        RODGER A. HEATON
        UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass
        TIMOTHY A. BASS, Bar No. MO 45344
        Assistant United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        Phone: 217/373-5875
        Fax: 217/373-5891
        tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 11th of May 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gal Pissetzky
Attorney for Defendant Gerardo Lugo

Carol Dison
Attorney for Defendant Jose C. Rios

s/Timothy A. Bass
TIMOTHY A. BASS
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Phone: 217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov
