UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                                ) | |
|           Plaintiff,           ) | |
|      v.                        ) | Case No. 07-20002 |
|                                ) | |
| JOSE RIOS and GERARDO LUGO,    ) | |
|                                ) | |
|           Defendants.          ) | |

**ORDER**

    On May 11, 2007, the Government filed a Motion in Limine (#25) with attachments filed under seal (#26, #27). The Government indicates that it intends to call several witnesses at trial in this matter who have received limited use immunity as part of a plea agreement, hope to receive a reduction in their federal sentences, have pleaded guilty to certain crimes in federal or state court, and/or have prior felony and misdemeanor convictions. These witnesses include Jason Ward, Chris Morrissette, Robert Odeneal, Mario Macias, James Pline, and Brent Goselin. The Government acknowledges that it is appropriate for Government witnesses to be cross-examined concerning any agreements with the Government and prior felony convictions or other convictions involving dishonesty within the previous ten-year period. The Government, however, asks this court to exclude any evidence or cross-examination of witnesses concerning: (1) any conviction of a witness that is more than ten years old; (2) the underlying details of any prior conviction; and (3) speculation or questioning about potential sentences or penalties a witness or the Defendants might be facing.

    "Evidence of a conviction under [Federal Rule of Evidence 609] is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The

legislative history of Rule 609 indicates that "it is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." United States v. Fallon, 348 F.3d 248, 254 (7th Cir. 2003). The two witnesses mentioned by the Government in their motion, Chris Morrissette and Jason Ward, with convictions more than ten years old also have convictions that fall within the past ten years. Accordingly, this court finds that the probative value of the convictions falling outside the ten year time limit do not substantially outweigh the prejudicial effect of presenting cumulative evidence of stale convictions. See United States v. Heath, 447 F.3d 535, 539 (7th Cir. 2006). Accordingly, Defendants will only be permitted to impeach witnesses Morrissette and Ward with convictions falling within the ten year time limit set forth in Rule 609.

The Government further seeks to exclude evidence of the underlying details of any prior conviction which Defendants seek to use for impeachment purposes. The law in the Seventh Circuit is very clear that, in impeaching a witness with a prior conviction, a party "may identify the particular felony charged, the date and the disposition." United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006). So long as the witness does not open the door by attempting to explain away the prior conviction by giving his or her own version of events, this is all that should be discussed. See Smith, 454 F.3d at 716-17. This is true whether it is the defendant being impeached (see Smith, 454 F.3d at 716) or a witness being impeached (see United States v. Fawley, 137 F.3d 458, 473 (7th Cir. 1998)). In Fawley, the Seventh Circuit stated that "questions on cross-examination must be limited to only whether the witness 'had previously been convicted of a felony, to what the felony was and to when the conviction was obtained.'" Fawley, 137 F.3d at 473. This court therefore agrees with the Government that this is the proper procedure to follow with regard to impeachment with prior convictions.

This court further concludes that any attempts to cross-examine witnesses regarding the possible penalties they could face would result in speculation and will not be allowed. This court agrees with the Government that Defendants will have ample opportunity to impeach these witnesses concerning their motive to testify, any agreements with the Government, and their prior felony

convictions that are less than 10 years old.

The Government further seeks to bar evidence that Chris Morrissette was subjected to a polygraph examination and the polygraph examiner concluded that Morrissette's answers to two questions indicated deception. The Government filed the Polygraph Report with this court (#27) and a report by the FBI (#28) under seal. In deciding whether to admit polygraph evidence, the court "must engage in a delicate balancing of many factors including probative value, prejudicial effect, confusion of the issues, misleading the jury, and undue delay." United States v. Pulido, 69 F.3d 192, 205 (7th Cir. 1995). Furthermore, the Seventh Circuit has found polygraph evidence inadmissible where "the results of the polygraph were peripheral to the core issues of the case" and "the defendant was able to impeach the government's witness successfully without the use of the polygraph examination." Pulido, 69 F.3d at 205; United States v. Brown, 289 F.3d 989, 994 (7th Cir. 2002).

The court has carefully reviewed these documents and finds that evidence regarding the polygraph examination should be excluded. This court finds that the issues which were addressed in the polygraph examination are certainly peripheral matters to the issues for the jury to decide in the instant case. This court finds that to allow questioning regarding the polygraph examination would "take us on a course of action that's too far away from the core issues in this case." United States v. Olson, 978 F.2d 1472, 1480 (7th Cir. 1992). Furthermore, Defendants will have ample opportunity to impeach Morrissette with prior convictions and his personal motivation for testifying in this matter.

IT IS THEREFORE ORDERED:

The Government's Motion in Limine (#25) is GRANTED.

ENTERED this 15th day of May, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE