E-FILED
Monday, 21 May, 2007   08:42:31 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-20002 |
| | ) |
| JOSE RIOS, and | ) |
| GERARDO LUGO, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MEMORANDUM
CONCERNING JURY INSTRUCTIONS**

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its memorandum concerning jury instructions. The government states as follows:

**Conspiracy Instruction**

1.   "The essential elements of an offense under [21 U.S.C.§] 846 are the existence of an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substances Act." United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir. 1982). "[T]he government need not prove *with whom* a defendant conspired, only that he joined the agreement." United States v. Payton, 328

F.3d 910, 911 (7th Cir. 2003). In addition, "[t]o convict a defendant of conspiracy under § 846, the government need not show that the defendant or his co-conspirators committed an overt act in furtherance of the conspiracy; the agreement to commit one of the covered substantive offenses is the crime." United States v. Irwin, 149 F.3d 565, 570 (7th Cir. 1998). Finally, "[t]he government does not have to show that the goal of the conspiracy was accomplished." United States v. Howard, 179 F.3d 539, 542 (7th Cir. 1999); see also United States v. Auerbach, 913 F.2d 407, 416 (7th Cir. 1990) (noting that a jury instruction stating that a "conspiracy may be established even if its purpose was not accomplished" was correct); United States v. Soto-Rodriguez, 7 F.3d 96, 101 (7th Cir. 1993) (same).

2.   In this case, Defendant Lugo objects to including language in the conspiracy instruction, which provides that a conspiracy may be established even if its purpose was not accomplished. The pattern instruction, however, is an accurate statement of the law, and the government is unaware of any authority to support Lugo's objection. See id.

### Aiding and Abetting Instruction

3.   It is well settled in this Circuit that "every indictment implicitly includes an aiding and abetting charge." United States v. Renner, 238 F.3d 810, 814 (7th Cir. 2001). In addition, "an aiding and abetting instruction is proper, even if aiding and

abetting is not specifically pleaded, so long as the government introduced evidence at trial that would support conviction under that theory, and the instruction creates no unfair surprise." United States v. Odicho, 2007 WL 445009, at *3 (7th Cir. February 8, 2007); see also United States v. Allen, 390 F.3d 944, 952 (7th Cir. 2004); United States v. Salazaar, 983 F.2d 778, 782 (7th Cir. 1993).

    4.      Here, Defendant Lugo objects to an aiding and abetting instruction. The evidence, however, clearly supports a theory that Defendant Lugo was a member of the charged conspiracy with co-defendant Rios, and that he aided and abetted that conspiracy by distributing its cocaine and collecting money owed from cocaine sales. Moreover, Lugo is not unfairly surprised since an indictment implicitly includes an aiding and abetting charge, and the government tendered an aiding and abetting instruction prior to trial. See Odicho, 2007 WL 445009, at *3.

### Joint Venture Instruction

    5.      The government intends to withdraw the joint venture instruction and rely on the conspiracy and aiding and abetting instructions.

### Defendant Lugo's Proposed Buyer-Seller and Mere Association Instructions

    6.      "To be entitled to a particular theory of defense instruction, the defendant must show the following: 1) the instruction is a correct statement of the law; 2) the evidence in the case supports the theory of defense; 3) that theory is not already part of the charge; and 4) a failure to provide the instruction would deny a fair trial." United States v. James, 464 F.3d 699, 707 (7th Cir. 2006) (appeal from this Court).

3

Buyer-Seller

7.  Although a buyer-seller instruction is appropriate "if the instruction has some foundation in the evidence[,]" United States v. Johnson, 437 F.3d 665, 677 (7th Cir. 2006), "the buyer-seller argument is irrelevant [when] the conspirators are on the same side of the sale." United States v. Payton, 328 F.3d 910, 912 (7th Cir. 2003); see also United States v. Garcia, 89 F.3d 362, 365 (7th Cir. 1996); United States v. Larkins, 83 F.3d 162, 167 (7th Cir. 1996); United States v. Herera, 54 F.3d 348, 354 (7th Cir.1995); United States v. Baskin-Bey, 45 F.3d 200, 205 n.2 (7th Cir. 1995).

8.  Here, Defendant Lugo has requested a buyer-seller instruction. Although that instruction is an accurate statement of the law, it is not appropriate in this case because the evidence establishes that defendants Rios and Lugo were on the same side of the drug transactions. Thus, the buyer-seller argument is irrelevant, and any such instruction would therefore be misleading. See id.

Mere Association

9.  Although Defendant Lugo's mere association instruction is an accurate statement of the law, that instruction is already covered by the other instructions. United States v. James, United States v. James, 464 F.3d 699, 707 (7th Cir. 2006) (appeal from this Court). Moreover, the evidence does not support Defendant Lugo's mere association with members of the conspiracy. Rather, the evidence reflects his active participation with Defendant Rios in the conspiracy by regularly distributing cocaine to

4

others. Cf. United States v. Monzon, 869 F.2d 338 (7th Cir. 1989) (evidence did not support "mere presence" instruction).

                                          Respectfully submitted,

                                          RODGER A. HEATON
                                          UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass
         TIMOTHY A. BASS, Bar No. MO 45344
         Assistant United States Attorney
         201 S. Vine St., Suite 226
         Urbana, IL 61802
         Phone:  217/373-5875
         Fax: 217/373-5891
         tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 21st of May 2007, I hand delivered the foregoing to counsel of record and electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gal Pissetzky
Attorney for Defendant Gerardo Lugo

Carol Dison
Attorney for Defendant Jose C. Rios

s/Timothy A. Bass
TIMOTHY A. BASS
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Phone: 217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov