UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20002 |
| ) | |
| JOSE RIOS, and ) | |
| GERARDO LUGO, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT LUGO'S
### MOTION FOR NEW TRIAL

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its response to Defendant Lugo's Motion for New Trial. The government states as follows:

1.   On January 4, 2007, Defendant Lugo and Jose Rios were charged together in a superseding indictment with conspiracy to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. § 846, 841(a)(1). Defendant Lugo was also charged with two counts of distribting cocaine, in violation of 21 U.S.C. § 841(a)(1).

2.   The government's evidence included the cooperation and testimony of Christopher Morrissette and Robert Odeneal. Both Morrissette and Odeneal entered plea agreements in their own respective cases and agreed to cooperate with the government. In addition, both witnesses previously cooperated with law enforcement agencies and acted as confidential informants for KAMEG and DEA. Their actions as

confidential informants led to evidence against Defendant Lugo and Rios, which was presented at their trial. After agreeing to act as confidential informants, both Morrissette and Odeneal continued their involvement in drug distribution, which led to their "deactivation" by DEA.

3. Prior to trial, and as reflected in the government's pre-trial filings, the government made extensive discovery available to defendants Lugo and Rios. This discovery included all relevant investigative reports, witness interviews, etc. It also included reports relating to the actions of Morrissett and Odeneal, including their agreements with the government, criminal history, cooperation as confidential informants, and their continued involvement in drug usage and/or distribution after agreeing to act as informants.

4. At trial, and as reflected in the trial transcripts which have previously been made of record, the government's witnesses included Morrissette and Odeneal. Both Morrissette and Odeneal testified concerning their plea and cooperation agreements with the government, their criminal history, their cooperation as confidential informants, and their continued involvement in drug usage and/or drug distribution after agreeing to act as informants. In addition, both Morrissette and Odeneal were extensively cross-examined by counsel for both defendants Lugo and Rios concerning that information. Finally, defendants Lugo and Rios called government agents as witnesses in the defense case to question them concerning the actions of Morrissette and Odeneal as confidential informants.

5.      On May 24, 2007, Defendant Lugo was convicted following the jury trial of the conspiracy charge and both counts of distribution of cocaine. This Court described the government's evidence as "overwhelming."

6.      On July 3, 2007, more than one month following the jury verdict, a total of <u>28 business days</u>, Defendant Lugo filed the instant motion for new trial. In his motion, Defendant Lugo alleges that the government violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), in failing to disclose what he further alleges was impeachment information concerning two of the government's witnesses, Christopher Morrissette and Robert Odeneal. Specifically, Defendant Lugo argues that the government failed to disclose that the DEA had "deactivated" Morrissett and Odeneal as confidential informants. Defendant Lugo acknowledges he became aware of the deactivation of Odeneal during trial but alleges he was not aware of Morrissette's deactivation until "after [the] trial was concluded when the government's lead case agent . . . told Mr. Lugo's counsel in passing." (Defendant Lugo's Motion, p.4)

## ARGUMENT

7.      Rule 33 of the Federal Rules of Criminal Procedure provides that the district court may grant a new trial "if the interest of justice so requires." Rule 33 further provides:

**(b) Time to File.**

**(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly

3

discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

**(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

8. "Rule 33 contains time limits for filing motions for new trial[.]" United States v. Cavender, 228 F.3d 792, 802 (7th Cir. 2000). Rule 45, in turn, provides the manner in which the time period under Rule 33 is calculated. Although the time limit of Rule 33 is non-jurisdictional, it is nonetheless "inflexible" and "assure[s] relief" to a party properly invoking it. Eberhart v. United States, 126 S.Ct. 403, 407 (2006).

9. In addition, to merit a new trial based on newly discovered evidence, "a defendant must establish that the evidence: (1) came to his knowledge only after trial; (2) could not have been discovered sooner had due diligence been exercised; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." United States v. Mcgee, 408 F.3d 966, 979 (7th Cir. 2005). "[I]mpeachment evidence cannot provide the basis for a new trial." United States v. Austin, 103 F.3d 606, 609 (7th Cir. 1997).

10. In this case, Defendant Lugo has filed a motion for new trial, alleging that the government violated Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), by failing to disclose impeachment information concerning

Morrissette and Odeneal. Before addressing the merits of the motion, it is plainly apparent that the motion is facially deficient, since Defendant Lugo makes no effort to acknowledge or even cite to this Court the relevant rule of criminal procedure or Circuit authority applicable to his motion. It is well settled in this Circuit that a party's motion must represent a certification that it "is well-grounded in fact and warranted by existing law[,]" see Local Criminal Rule 12.1(C), and that "[i]t is not this court's responsibility to research and construct the parties' arguments." United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991). Defendant Lugo's motion is wholly deficient on both grounds. On that basis alone, his motion should be denied.

11. Defendant Lugo argues that the government violated Brady and Giglio by failing to disclose the isolated fact that DEA had "deactivated" Odeneal as a confidential informant. Ignoring Odeneal's plea agreement with the government, his criminal history, his status as an informant, and his continued involvement in drug distribution while acting as an informant, all of which Lugo does not allege was not disclosed by the government or was not fully at issue at trial, Defendant Lugo argues that the failure to disclose the simple fact of DEA's deactivation of Odeneal entitles him to a new trial.

12. Even assuming that the government failed to disclose this isolated fact, however, Defendant Lugo acknowledges he became aware of it during the trial. Thus, this allegation is plainly untimely under Rule 33 since he filed his motion for new trial 28 days after the verdict. This allegation should therefore be dismissed. Eberhart v.

United States, 126 S.Ct. at 407; Cavender, 228 F.3d at 802.

13. Defendant Lugo further argues that the government violated Brady and Giglio by failing to disclose the isolated fact that DEA had "deactivated" Morrissette. Although he acknowledges that he became aware of Odeneal's deactivation during the trial, he alleges he was not aware of Morrissette's deactivation until "after [the] trial was concluded when the government's lead case agent . . . told Mr. Lugo's counsel in passing." Ignoring Morrissette's plea agreement with the government, his criminal history, his status as an informant, and his continued involvement in drug distribution while acting as an informant, all of which Lugo also does not allege was not disclosed by the government or was not fully at issue at trial, Defendant Lugo argues that the failure to disclose the simple fact of DEA's deactivation of Morrissette also entitles him to a new trial.

14. Even assuming that the government failed to disclose this isolated fact, however, Defendant Lugo has not at all established that this is "newly discovered evidence." Both Morrissette and Odeneal testified concerning their plea and cooperation agreements with the government, their criminal history, their cooperation as confidential informants, and their continued involvement in drug usage and/or drug distribution after agreeing to act as informants, all of which Defendant Lugo, again, does not allege was not disclosed by the government or was not fully at issue at trial. In addition, both Morrissette and Odeneal were extensively cross-examined by counsel for both defendants Lugo and Rios concerning that information. Finally, defendants Lugo

and Rios called government agents as witnesses in the defense case to question them concerning the actions of Morrissette and Odeneal as confidential informants, including DEA's deactivation of Odeneal. Given all of this information concerning <u>Morrissette's and Odeneal's actions</u> (which were clearly relevant at trial), it is a stretch of an argument, to say the least, to focus solely on <u>DEA's actions</u> in deactivating Morrissette (which was arguably not relevant) and allege it as "newly discovered evidence." In short, the "problem is that all of the evidence [Defendant Lugo] points to . . . was squarely at issue prior to and at h[is] trial." <u>United States v. Ogle</u>, 425 F.3d 471, 478 (7th Cir. 2005); <u>see also</u> <u>United States v. Canova</u>, 412 F.3d 331, 349 (2d Cir. 2005) (upholding the denial of a new hearing on a Rule 33 motion and using as support the fact that "[t]he evidence in question all pertained to matters that [the defendant] knew would be in issue at trial, even if he did not know the government's exact position on these matters").

15.     In any event, Defendant Lugo has clearly not established that this isolated fact, even if not disclosed, is material and not merely impeaching or cumulative and would probably lead to an acquittal in the event of a retrial. See <u>Mcgee</u>, 408 F.3d at 979; <u>Austin</u>, 103 F.3d at 609. Again, the information Defendant Lugo complains about relates solely to DEA's action in deactivating Morrissette, not Morrissette's actions, all of which was disclosed prior to trial and was the subject of extensive cross-examination at trial. It was Morrissette's credibility, and not that of DEA, that was at issue at trial. On that question, Morrissette was extensively cross examined. Indeed, not only was the

cross-examination extensive, it was incessant. Thus, DEA's actions in deactivating Morrissette were not material to the trial.

16.  Likewise, the best that can be said about Defendant Lugo's allegation is that it relates solely to cumulative impeachment evidence, which is not a basis for a new trial. See Austin, 103 F.3d at 609; United States v. Woods, 301 F.3d 556, 563 (7th Cir. 2002) ("evidence is, at best, cumulative impeachment"); United States v. Nero, 733 F.2d 1197, 1206 (7th Cir. 1984) (evidence was "at best merely impeaching and cumulative").

17.  Finally, as this Court concluded at trial, the evidence against Defendant Lugo was overwhelming. Thus, there is no conceivable basis on which to conclude that the simple fact of DEA's activation of Morrissette as an informant would have had any effect on the outcome of Defendant Lugo's trial.

WHEREFORE, the government respectfully requests that Defendant Lugo's motion be denied.

    Respectfully submitted,

    RODGER A. HEATON
    UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass
    TIMOTHY A. BASS, Bar No. MO 45344
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone: 217/373-5875
    Fax: 217/373-5891
    tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 20th of July 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gal Pissetzky
Attorney for Defendant Gerardo Lugo

Carol Dison
Attorney for Defendant Jose C. Rios

s/Timothy A. Bass
TIMOTHY A. BASS
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Phone: 217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov
