UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-20002 |
| ) | |
| GERARDO LUGO, ) | |
| ) | |
| Defendant. ) | |

_____

**ORDER**
_____

On January 4, 2007, Defendant Gerardo Lugo was indicted, together with Jose Rios, on the charge of conspiracy to distribute 5 or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant Lugo was also charged with two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). On May 24, 2007, following a jury trial, Defendant Gerardo Lugo was convicted on the conspiracy charge and both counts of distribution of cocaine. On July 3, 2007, Defendant Lugo filed a Motion to Vacate Jury Verdict and Grant a New Trial as a Result of Brady and Giglio Violations by the Government (#57). The Government filed its Response to Defendant Lugo's Motion for New Trial (#58) on July 20, 2007.

In his motion for new trial, Defendant Lugo argues that the Government failed to disclose that Christopher Morrissette and Robert Odeneal, confidential informants who testified against Defendant Lugo at trial, had been "deactivated" by the Drug Enforcement Agency (DEA) due to violations of their cooperation agreements. Defendant Lugo asserts he did not learn that Morrissette was deactivated by the DEA until his trial concluded and DEA Special Agent Tyrolia Collins told

Lugo's counsel "in passing." Defendant Lugo further asserts he did not become aware that Odeneal had been deactivated until the eighth day of trial when Defendant Rios called Special Agent Collins to testify.[1]

To obtain a new trial pursuant to Federal Rule of Criminal Procedure 33, Lugo must demonstrate that this evidence: (1) was discovered after trial; (2) could not have been discovered sooner with due diligence; (3) was material in the sense that it bore directly on guilt or innocence and was not simply impeaching or cumulative; and (4) if presented at a new trial would probably result in acquittal. United States v. Palivos, 486 F.3d 250, 255 (7th Cir. 2007). To be entitled to a new trial based upon a violation of Brady, Lugo must establish: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defense; and (3) the evidence is material to an issue at trial, meaning there is a "'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Palivos, quoting United States v. Bagley, 473 U.S. 667, 682 (1985). Thus, because the evidence which Lugo asserts is newly discovered is covered by Brady, this court "must determine whether, if disclosed, the evidence might have changed the outcome of the trial." United States v. McMahan, __ F.3d __, 2007 WL 2067064 at *8 (7th Cir. 2007).

After reviewing the transcripts of the trial in this matter, this court concludes that had the

---

[1] This court notes that since Lugo was aware of this evidence at trial with regard to Odeneal, it is not "newly discovered" and is thus untimely pursuant Federal Rule of Criminal Procedure 33 which requires motions for a new trial not based on newly discovered evidence to be filed within 7 days after the verdict. Fed. R. Crim. P. 33(b). However, because this claim is plainly without merit, this court will nevertheless address the claim.

Government disclosed this evidence, the outcome of the trial would not have been different.[2] Rather, the evidence would have been merely cumulative impeachment evidence. At trial, both Morrissette and Odeneal testified concerning their plea agreements and their cooperation agreements with the Government. Morrissette and Odeneal also testified concerning their criminal histories and the fact that they continued to sell drugs behind the backs of law enforcement agents after agreeing to act as confidential informants. The fact that DEA agents actually "deactivated" them as a result of this conduct would merely be cumulative impeachment evidence. Furthermore, the evidence of Defendant Lugo's guilt at trial was overwhelming and this court finds no basis for finding that evidence the DEA had "deactivated" Morrissette and Odeneal would have had any effect on the outcome of the trial.

IT IS THEREFORE ORDERED:

(1) Defendant Lugo's Motion to Vacate Jury Verdict and Grant a New Trial as a Result of Brady and Giglio Violations by the Government (#57) is DENIED.

(2) This case remains set for a telephone status conference on September 5, 2007, at 2:00 p.m. to reset the sentencing in this matter.

ENTERED this 30th day of August, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

[2] Defendant Lugo also makes a claim that "had the government provided Mr. Lugo with the various law enforcement files on each confidential source, Mr. Lugo would have been able to establish that Morrissette gave false testimony during trial." However, Lugo does not indicate how the Government prevented him from receiving these files, nor has Lugo demonstrated that these files would have contained the necessary documents to impeach Morrissette's testimony. Furthermore, this court concludes the outcome of the trial would not have been different due to the overwhelming evidence of guilt.