UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 CR 20002 |
| vs. ) | |
| ) | |
| GERARDO LUGO, ) | |
| ) | |
| Defendant. ) | |

### **OBJECTIONS TO THE PRE-SENTENCING INVESTIGATION REPORT**

Defendant, **GERARDO LUGO**, by his attorney, **GAL PISSETZKY**, respectfully submits his objections to the PSI. In support of his objections, Mr. Lugo states the following:

1. THE CALCULATIONS OF THE TOTAL AMOUNTS OF DRUGS ATTRIBUTABLE TO Mr. LUGO IN THE OFFENSE CONDUCT ARE INCORRECT

Mr. Lugo should not be held accountable for a total of 19.1 kilograms of cocaine. According to the testimony of witnesses during Mr. Lugo's trial, the total drug attributable to Mr. Lugo should be 14.08 kilograms of cocaine.

(a) **Paragraph 10** – *search warrant at Rios's apartment in Chicago on March 13, 2006, which attribute .19kg of cocaine*. The drugs found in Mr. Rios's apartment in Cicero should not be attributable to Mr. Lugo as direct evidence or as relevant conduct. Mr. Lugo did not enter the conspiracy until after March 13, 2006. Moreover, Mr. Lugo was not part of Mr. Rios's Chicago drug business. As alleged in the indictment and according to all the testimony at trial by government witnesses, Mr. Lugo was only responsible for some drug sales that occurred in the Kankakee area. Mr. Lugo did not have any involvement, connection or knowledge as to Mr. Rios's drug business in Chicago. In fact, according to the testimony elicited at trial, Mr. Rios moved to Chicago after his arrest on March 13, 2006. Mr. Lugo did not join the conspiracy until Mr. Rios moved to Chicago. There was absolutely no testimony or any other relevant evidence that would in any plausible way

connect Mr. Lugo to Mr. Rios's Cicero apartment. Thus, Mr. Lugo should not be held accountable for the .19kg of cocaine as part of direct evidence or relevant conduct. The government should be held to their burden of proof to show that the PSI is not incorrect.

(b)    **Paragraph 32** – *James Pline's delivery of cocaine to Iowa*. None of the cocaine James Pline delivered to Iowa for his cousins Josh and Ryan Lambert had any relation whatsoever to Mr. Lugo. The PSI incorrectly attributes to Mr. Lugo 4.54kg of cocaine allegedly delivered by Pline. According to the testimony at trial, Pline never identified Mr. Lugo. Pline has been to Kankakee only twice, and met with Mr. Rios only. Pline worked for his cousins Josh and Ryan Lambert. Mr. Lugo never had any relationship, business or otherwise, with Pline or the Lambert brothers. There is not a scintilla of evidence that would even suggest that Mr. Lugo was in any way involved, connected or knew of the deliveries of drugs by Pline to Lambert in Iowa. Mr. Lugo was charged with distributing cocaine in the Kankakee area, and not from Kankakee or Chicago to Iowa. Moreover, it cannot be reasonably foreseeable that Mr. Lugo was in any way involved in Mr. Rios's deal with the Lamberts in Iowa. The government should be held to their burden of proof to show that the PSI is not incorrect.

(c)    **Paragraph 35** – *Controlled purchase from Valentin Atilano on September 26, 2005*. The PSI incorrectly attributes .29kg of cocaine purchase from Valentine Atilano to Mr. Lugo. The government made it extremely clear at trail, upon Mr. Lugo's objection, that the September 26, 2005 controlled buy from Atilano was not part of the charged conspiracy. Mr. Lugo objected to the introduction into evidence of the September 26, 2005 transaction. This Court overruled the objection, and gave the jury a limiting instruction telling them not to consider the transaction against Mr. Lugo. Moreover, the government specifically argued that the transaction did not involve Mr. Lugo and had nothing to do with him. The PSI incorrectly attributes the drugs seized during the September transaction to Mr. Lugo. The September transaction is not direct evidence or relevant conduct against Mr. Lugo. If the government now takes the contradictory position to the one it took at trial, the government should be held to its burden of proof at sentencing.

## 2. THE BASE OFFENSE LEVEL IS WRONG

Based on the above, the total amount of cocaine Mr. Lugo should be accountable for is 14.08kg, and thus Mr. Lugo's base offense level should be 32 and not 34.

## 3. MR. LUGO SHOULD NOT GET AN AJUSTMENT FOR SPECIFIC OFFENSE CHARACTERISTIC

The PSI incorrectly adds a 2-level increase to Mr. Lugo's offense level under **paragraph 44**. Mr. Lugo did not possess a dangerous weapon at any time during the period of the conspiracy, and should not receive a 2-level increase in the offense level. Under Section 2D1.1(b)(1) a 2-level upward adjustment is required if "a dangerous weapon (including a firearm) was possessed." USSG §2D1.1(b)(1). However, the upward adjustment does not apply when it is clearly improbable that the weapons were connected to the offense. USSG §2D1.1(b)(1), comment. (n.3); USA v. Taylor, 111 F.3d 56, 59 (7th Circ. 1997). Commentary note 3 also adds that "for example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." USSG §2D1.1(b)(1), comment. (n.3). The government bears the initial burden of "establishing by a preponderance of the evidence that the defendant possessed a firearm, but the burden then shifts to the defendant to prove that it was clearly improbable that the weapon was used in connection with the underlying offense." USA v. Harris, 230 F.3d 1054, 1057 (7th Circ, 2000). The government must establish that the defendant actually or constructively "possessed" a firearm, "or if a coconspirator possessed firearms in furtherance of jointly undertaken criminal activity so long as their possession was reasonably foreseeable to the defendant." Id.. Here, it has been made clear during trial that although Mr. Rios possessed some firearms, he was a gun collector and did not use them in furtherance of the conspiracy. Moreover, Mr. Lugo never possessed a firearm at any time during the conspiracy.

According to the PSI, Virgil Dinkins reported that he saw a handgun at *Rios's trailer*. Dinkins never reported or testified that he saw Mr. Lugo handling, touching or even looking in the direction of the gun. As noted above, Mr. Lugo's proximity to firearms does not automatically triggers the upwards adjustment under Section 2D1.1(b)(1). Id.; USA v. Windom, 19 F.3d 1190 (7th Circ. 1994). Moreover, it was established during trial that Mr.

Rios had firearms because he collected them, and it is clearly improbable that the firearms in Rios's trailer were used in connection with the offense. Not even one witness ever testified that either Mr. Rios or Mr. Lugo used threats or violence at any time during the conspiracy.

The PSI also claims that the enhancement should be applied because Robert Glaze saw Mr. Lugo with a handgun during a drug transaction. That allegation is absurd and a lie. Robert Glaze, whoever he might be, is a lair. That individual did not testify at trial, and Mr. Lugo would require the government to prove these ridiculous allegations. At trail, the government called more than half a dozen witnesses that testified about drug transactions with Mr. Lugo. None of the witnesses, at any time whatsoever, mentioned that they ever saw Mr. Lugo with a gun, let alone possessing a gun. The government presented its evidence in an extremely through manner, and there should be no doubt that if Mr. Lugo would have even looked in the direction of a handgun the government would have presented that evidence to the jury. Robert Glaze's allegations are simply not true.

## CONCLUSION

Base on the above arguments and calculations, this Honorable Court should find that Mr. Lugo's base offense level is 32, and that the offense level should not be increased by 2 points for a Specific Offense Characteristic. Thus, Mr. Lugo's adjusted Guidelines level should be 32, with a criminal history I.

Respectfully submitted,

By: /S/ Gal Pissetzky\_\_\_\_\_
Gal Pissetzky, Esq.
Attorney for Defendant,
Gerardo Lugo

**GAL PISSETZKY**
Pissetzky, Berliner & Zhitnitsky
53 W. Jackson Blvd.
Suite 1403
Chicago, Illinois 60604
(312) 566-9900

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 07CR20002 |
| | ) | |
| GERARDO LUGO | ) | |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

**OBJECTIONS TO THE PRE-SENTENCING INVESTIGATION REPORT**

was served pursuant to the district court's ECF filers to the following:

Timothy Bass
Assistant United States Attorney
201 S. Vine
Urbana, IL 601801

Respectfully submitted,

/s/ Gal Pissetzky_____
Gal Pissetzky
One of Mr. Lugo's lawyers
53 W. Jackson Blvd., Suite 1403
Chicago, IL 60604
(312)566-9900