UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-20002 |
| JOSE C. RIOS and GERARDO LUGO, | ) |
| Defendant. | ) |

## GOVERNMENT'S SENTENCING COMMENTARY

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its sentencing commentary. The government states as follows:

## FACTS

1. On January 4, 2007, Defendants Jose Rios and Gerardo Lugo were charged together in a superseding indictment with conspiracy to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. § 846, 841(a)(1). Defendant Lugo was also charged with two counts of distribting cocaine, in violation of 21 U.S.C. § 841(a)(1).

2. On May 4, 2007, following a jury trial, both defendants were convicted of all drug charges. In denying Defendant Lugo's motion for new trial, this Court concluded that the evidence presented by the government at trial was "overwhelming."

3. The government's evidence at trial included the testimony of Jason Ward,

Christopher Morrissette, Robert Odeneal, James Pline, Brent Goselin, Anthony Allegro, Jeff Brownsey, Mario Macias, and Christina Lloyd. A detailed summary of part of the government's evidence, including witness testimony, is set forth in the offense conduct sections of the presentence reports of Defendants Rios and Lugo. The probation office has used the trial transcripts of sworn witness testimony in the calculation of the Sentencing Guidelines ranges for both defendants.

4. As mentioned in the presentence reports, the evidence at trial established that one of the main locations from which the conspiracy operated was a trailer park in Bourbannais, Illinois. Defendant Rios owned a trailer at the park, located at 1405 North Arthur Burch Dr., Lot V-12. The evidence at trial established that Defendants Rios and Lugo conducted their conspiracy out of that trailer, and that Defendant Lugo paid the monthly rental for the trailer. In addition, witnesses testified at trial that they observed a firearm at the trailer during the time period of the conspiracy.

5. At the sentencing hearing, the government will present relevant excerpts of trial testimony to further support the Sentencing Guidelines calculations.

## DEFENDANTS' OBJECTIONS

### Government

- The government has no objections to the presentence reports of Defendants Rios and Lugo.

### Jose Rios

- The government anticipates that Defendant Rios will object to 1) the drug

quantity calculation; 2) the two-level enhancement for possession of a firearm under USSG § 2D1.1(b)(1); and 3) the four-level enhancement for leader and manager under USSG § 3B1.1(a).

### Gerardo Lugo

- Defendant Lugo objects to the drug quantity calculation based solely on holding him accountable for Defendant Rios' involvement with James Pline.

### ARGUMENT

6. Following United States v. Booker, 543 U.S. 220, 261 (2005), "the first step in sentencing is to calculate correctly the guidelines range." United States v. Pachecho-Diaz, 506 F.3d 545, 552 (7th Cir. 2007). The government must prove the facts underlying a particular sentencing enhancement by a preponderance of the evidence. United States v. Robinson, 435 F.3d 699, 701 (7th Cir. 2006).

### Drug Quantity

7. USSG § 1B.3(a) provides that all acts conducted and aided by a defendant and, in the case of joint activity, all reasonably foreseeable acts of others that occurred during the commission of the offenses, and all acts that were part of the same course of conduct or common scheme or plan as the offense of conviction are considered in calculating a defendant's offense level. Thus, "[a] defendant in a drug conspiracy is liable for all quantities of drugs with which he was involved directly and any amounts attributable to his co-conspirators if those amounts were reasonably foreseeable to him." United States v. Hollins, 498 F.3d 622, 629 (7th Cir. 2007). "[R]easonable

foreseeability refers to the scope of the agreement that a defendant entered into when he joined the conspiracy, not merely to the drugs he may have known about." Id. at 630.

8. In making the drug quantity determination, the Seventh Circuit has stated:

> In determining relevant conduct, the district court is entitled to estimate drug quantity using testimony about the frequency of dealing and the amount dealt over a specified period of time . . . The district court is also entitled to credit testimony that it finds reliable even when that testimony is provided by an admitted liar, convicted felon, or large scale drug-dealing, paid government informant . . .
>
> Generally, a court is entitled to rely on the PSR in ruling on factual issues in the sentencing context so long as the PSR is based upon sufficiently reliable information . . . When the district court relies on such information in sentencing a defendant, the defendant bears the burden of showing that the PSR is inaccurate or unreliable . . . The defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth. Instead, he must produce some evidence that calls the reliability or correctness of the alleged facts into question.

United States v. Romero, 469 F.3d 1139, 1147 (7th Cir. 2006).

9. In this case, the government anticipates that Defendant Rios will object to the drug quantity calculation. That calculation, however, is based on the sworn testimony of witnesses at trial, which this Court has previously found to be credible. In addition, the calculation is 20 kilograms of cocaine higher than the neceessary drug quantity to establish an offense level of 36, Rios' offense level. Accordingly, there is no basis for any objection.

10. Defendant Lugo objects to the drug quantity calculation based on being held accountable for cocaine Defendant Rios distributed to James Pline as part of the

conspiracy. He argues that these drug amounts were not reasonably foreseeable to him. This objection, however, is based solely on statements of the defendant's attorney, which "are not evidence." United States v. Harris, 230 F.3d 1054, 1057 (7th Cir. 2000) ("Statements of counsel are not evidence."); see United States v. Purchess, 107 F.3d 1261, 1268 (7th Cir. 1997) (an attorney's statements are not evidence). In addition, as the probation office has concluded, Defendant Rios distributed cocaine to James Pline out of Rios' trailer, the same trailer from which the conspiracy operated and for which Defendant Lugo paid the monthly rental. It is therefore entirely appropriate to conclude that drug activity originating out of that trailer was reasonably forseeeable to Defendant Lugo, who was Rios' primary associate, regardless of whether he was personally involved in every transaction.

**Gun Enhancement**

11.     USSG § 2D1.1(b)(1) provides for a two-level enhancement if the defendant possessed a firearm unless "it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1), comment., n.(3). A firearm need not be found together with drugs to support the enhancement. See United States v. Grimm, 170 F.3d 760 (7th Cir. 1999). As the Seventh Circuit has stated, "guns found in close proximity to drug activity are presumptively connected to that activity." United States v. Corral, 324 F.3d 866, 873 (7th Cir. 2003). In addition, the guideline imposes an enhancement for the "mere possession of the firearm"; it does not require that the firearm was actively used. United States v. Carmack, 200 F.3d 1271, 1279 (7th Cir. 1996).

12.     In this case, the government anticipates that Defendant Rios may object to a firearm enhancement. The enhancement, however, is also based on the evidence presented at trial, which established that Rios possessed a firearm at his trailer, the same trailer from which the conspiracy operated. It is therefore not "clearly improbable" that the firearm was connected to the offfense. See, e.g., United States v. Cashman, 216 F.3d 582, 588 (7th Cir. 2000) (affirming enhancement under § 2D1.1(b)(1) where a gun was found in a motor home together with a scale and other drug paraphernalia).

**Role Enhancement**

13.     USSG §3B1.1(a) provides for a four-level enhancement for a defendant who was "an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." "In determining the defendant's role, the sentencing court must assess 'all relevant conduct,' . . . not just the elements of the offense charged." United States v. Blaylock, 413 F.3d 616, 618 (7th Cir. 2005).

14.     Finally, the government anticipates that Defendant Rios will object to a four-level enhancement for being a manager or leader of criminal activity. Once again, however, the evidence at trial established that Defendant Rios was the manager and leader of the charged conspiracy, which involved five or more participants, including Defendant Lugo, Jason Ward, Christopher Morrissette, Robert Odeneal, Virgil Dinkins, James Pline, Joshua Lambert, Anthony Allegro and Jeff Brownsey. Accordingly, this enhancement is also appropriate.

**Defendants' Request to Recall Government Witnesses**

15.     The government has been advised that, at sentencing, the defendants may seek to recall government witnesses who testified at trial, including James Pline. Each of these witnesses, however, was extensively cross-examined at trial. While the government does not object to the defendants presenting any evidence that was not presented at trial, the government does object to the defendants recalling any witnesses who testified at trial solely to cross-examine them again. The defendants have previously been given the opportunity to conduct extensive cross-examination of government witnesses at trial. There is no need or right of the defendants to repeat that process on the mere hope that such testimony might support the defendants' objections. Cf. United States v. Romero, 469 F.3d 1139, 1147 (7th Cir. 2006) (discussing Sixth Amenment right to confront witnesses at trial and stating that "[t]he right to cross-examine is not unlimited; the Confrontation Clause guarantees only effective cross-examination, not cross-examination of any type sought by the defendant."). Accordingly, the government requests that the Court preclude the defendants from

calling at sentencing any government cooperating witness who testified and was extensively cross-examined at trial.

                              Respectfully submitted,

                              RODGER A. HEATON
                              UNITED STATES ATTORNEY

BY:   s/Timothy A. Bass
        TIMOTHY A. BASS, Bar No. MO 45344
        Assistant United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        Phone: 217/373-5875
        Fax: 217/373-5891
        tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 15th of January 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gal Pissetzky
Attorney for Defendant Gerardo Lugo

Carol Dison
Attorney for Defendant Jose C. Rios

s/Timothy A. Bass
TIMOTHY A. BASS
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Phone: 217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov